**John Tennyson DUNN, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21450.**

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1964.

Charles S. Tindall, Jr., Greenville, Miss., for appellant.

H. M. Ray, U. S. Atty., Oxford, Miss., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before JONES and BELL, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

Appellant was convicted of knowingly transporting a stolen car in interstate commerce in violation of 18 U.S.C.A. § 2312. The evidence clearly established that the car in question was stolen, and appellant admitted that he drove it from Mobile, Alabama, to Crenshaw, Mississippi. He further testified, however, that he purchased the car from a stranger in a Mobile bar and contends that the evidence was insufficient to establish that he knew the car was stolen. We have carefully reviewed the record, and we hold that the evidence on this issue was sufficient. The car had no license tag on it when appellant drove it from Mobile to Crenshaw. Appellant attempted to acquire a fictitious bill of sale and gave conflicting accounts of how he came into possession of the automo-

bile. From this and other evidence the jury could infer that at the time he made the interstate journey, appellant knew the car was stolen.

■■ Appellant's other assignments of error are without merit. The trial court's supplemental charge to the jury on the question of when guilty knowledge must be acquired was neither prejudicial to defendant nor an improper comment on the evidence. Nor did the trial court err in failing to instruct the jury on the question of insanity. No such instruction was ever requested, and the facts, including appellant's own explanation of how he acquired the stolen car, raised no issue of criminal responsibility. Finally, appellant was afforded effective representation by court-appointed counsel, and his constitutional right to counsel was in no way abridged.

Affirmed.