468 P.2d 382

**STATE of Arizona, Appellee,**

v.

**Roy Monroe HANSHE, Appellant.**

**No. 2027.**

Supreme Court of Arizona,
In Banc.

April 16, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Sternberg & Rubin, by Ronald I. Rubin, Phoenix, for appellant.

UDALL, Justice.

The defendant, in a motion for rehearing before this Court, alleges that defendant's conviction was based on the testimony of one Paul Wielins, an admitted accomplice, whose testimony was not "corroborated by other evidence which, in itself and without the aid of the testimony of the accomplice, tended to connect the defendant with the commission of the offense." A.R.S. § 13–136.

A search of the record discloses testimony other than the testimony of the accomplice, which tends to connect the defendant with the commission of the offense. The statement of undercover agent Glenn Kenner was that while he was in Wielins' apartment he saw Wielins get up and walk across the room to the bathroom. He stated that Wielins remained in the bathroom only a few seconds, and when he returned he was carrying the kilo of marijuana. Wielins was then arrested and two other officers immediately entered the bathroom and found the defendant standing with his body flattened against one of the bathroom walls.

In defendant's motion for a rehearing, he further contends that his motion for a directed verdict at the close of the state's case was improperly denied, since the evidence before the Court was insufficient to warrant a conviction.

Even though defendant's contention may have had some merit at that stage of the proceedings, the defendant, after his motion for a directed verdict was denied, proceeded with his defense and testified in his own behalf. He admitted that as a favor to

Wielins, he had brought marijuana to his own apartment where Wielins was supposed to pick it up. Later he stated that he took the package of marijuana, concealed under his coat, to Wielins' apartment. He also admitted that he had agreed to deliver the proceeds of the sale to the original supplier.

In State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968), we said:

"In regard to defendant's motion at the close of the state's case the law is well-settled that by going forward and presenting his case defendant has waived any error in the denial of such motion, if any deficiencies in the evidence in the state's case are supplied when defendant's case is presented."

It is apparent that defendant's testimony cleared up any deficiencies in the State's case, with regard to the supplying of corroboration to the testimony of an accomplice.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.