510 P.2d 39

STATE of Arizona, Appellee,

v.

Anthony Thomas PATRICELLA, Appellant.

No. 2505.

Supreme Court of Arizona,
En Banc.

May 30, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Vernon G. Lewter, Phoenix, for appellant.

HAYS, Chief Justice.

After a trial by jury, defendant was convicted of burglary and grand theft with a prior conviction. He was sentenced to not less than 10 years nor more than 12 years on each count with the sentences to run concurrently.

A call was made to the police in the early morning hours of November 27, 1971, by a neighbor of the defendant who was awakened by loud noises and observed defendant and his family moving baby furniture into a storage shed. The police arrived, saw the furniture through the wide cracks in the shed, and arrested defendant, his wife, his daughter, and his nephew. Apparently, a truck parked at a nearby Baby Store had been burglarized that night.

The police thereafter talked to the remaining occupant of the apartment where the defendant lived—a stepdaughter who indicated that she was the renter of the apartment. When requested by the police, she gave them the combination to the lock on the shed door. The police opened the shed door and seized the items of baby furniture stored therein.

■ The first issue the defendant raises is that the trial court erred in failing to grant defendant's motion to suppress the evidence seized from the shed. He cites a number of cases which set forth the general rule of law in search and seizure cases, but none of which bear directly on the specific facts of this case. The trial judge, at the conclusion of the hearing on the motion to suppress and while ruling, stated "Well, they didn't get that combination out of thin air." He obviously indicated that he found consent to the search had been given.

In State v. Kananen, 97 Ariz. 233, 399 P.2d 426 (1965), we indicated that the State must prove consent by clear and positive evidence in unequivocal words or *conduct* expressing consent. In the light of the circumstances here, we hold that by testimony of consent and conduct there is sufficient evidence to support the trial court's position. The evidence shows a request was made. The consenting person was not under arrest and therefore not subjected to the intimidation of that situation. Although there are inconsistencies in the testimony of the police officers, there was sufficient evidence to support the court's finding of consent.

■ The final point defendant raises is the denial of defendant's motion for a directed verdict at the close of the State's case. The State points out that defendant proceeded with his case after the motion was denied and that subsequent testimony removed any deficiencies in the state of the evidence. In rebuttal, the State was allowed to present testimony from an accomplice who directly involved the defendant. Because of a prior ruling of the court, this witness was not permitted to testify in the State's case in chief.

In his reply brief, the defendant admits the cases are against him but invites us to overrule State v. Hanshe, 105 Ariz. 529, 468 P.2d 382 (1970), and earlier cases. We decline to do this. In State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968), we said:

"In regard to defendant's motion at the close of the state's case the law is well settled that by going forward and presenting his case defendant has waived any error in the denial of such motion, if any deficiencies in the evidence in the state's case are supplied when defendant's case is presented." 103 Ariz. 551 at 553, 447 P.2d 243 at 245.

Judgment of conviction and sentence affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.