528 P.2d 608

**The STATE of Arizona, Appellee,**

v.

**William Abad CASTANEDA, Appellant.**

**No. 2972.**

Supreme Court of Arizona,
In Banc.
Nov. 21, 1974.

N. Warner Lee, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Bolding, Barber, Oseran & Zavala by Michael O. Zavala, Tucson, for appellant.

CAMERON, Vice Chief Justice.

William Castaneda appeals from jury verdicts and judgments of guilt to the crimes of armed burglary, § 13–302(C) A. R.S.; assault with a deadly weapon, § 13–249(B) A.R.S.; and lewd and lascivious conduct, § 13–652 A.R.S. Castaneda was sentenced to two consecutive terms of not less than twenty nor more than thirty years for armed burglary and assault with a deadly weapon and to a concurrent (to Count I) term of from four to five years for the lewd and lascivious conduct.

The issues presented on appeal are:

1. Did the trial court err in denying the defendant's motion in limine because of the failure of the prosecution to comply with the discovery provisions of Rule 15.1 of the Rules of Criminal Procedure 1973, 17 A.R.S. ?

2. Was the sentence imposed under § 13–249(B) A.R.S. proper?

The facts necessary for a determination of this case are as follows. The defendant knocked on the door of the victim under the pretense of obtaining the address of the victim's landlord. The victim wrote the name of the landlord on a piece of paper and when she opened the door, defendant grabbed her pushing his way into his victim's home. The victim testified that he held a knife to her throat and told her if she screamed she would be sorry. The woman was then forced to submit to perverted sexual acts because as she testified a sharp blade was at her throat and because her assailant threatened the lives of her infant twins. At one point in the events, Castaneda placed the knife on a nearby coffee table within arm's reach. The victim had several deep scratch marks on her throat which the defendant contended were made with his fingernails and not by a knife. After Castaneda was arrested a search revealed an open knife in the defendant's tool chest. There were no traces of blood on the blade.

William Castaneda was arrested early in December and arraigned 27 December 1973. In January, the defense attorney received four police reports from the arrest on 4 December. At an omnibus hearing in the morning of 1 April 1974 the following transpired:

"THE COURT: * * * What did you have in mind there, Mr. Zavala?

"MR. ZAVALA: Your Honor, simply all the disclosures that I have at this time indicate that there were not statements at all received from the defendant, and that if that is the case, I simply would at this time ask that Mr. Roll put that on the record so that we don't have any problem with some admission being raised at the time of trial in this case.

"THE COURT: Mr. Roll, do you have anything else?

"MR. ROLL: I'm aware of no statements other than those that might have been contained in the discovery material, Your Honor.

"MR. ZAVALA: That's fine, Your Honor.

"THE COURT: All right. Let the record reflect that on the avowal of the state that there is no additional statements of the defendant, the request is denied."

However, on the evening of the same day the State did produce some more evidence of police reports dated 5 December 1973 and 9 December 1973. The Castaneda case was therefore continued until 9 April 1974. On the 4th and 5th of April, eleven witnesses' names, clothing, and photos which had been in police possession since December were produced. At this time defense made a motion in limine and motion to suppress both of which were denied. The trial was again continued until 16 April 1974. At the trial, defense again made a motion in limine to preclude the use of evidence which was not disclosed in a timely manner by the State. This motion was denied.

## MOTION IN LIMINE

It is the contention of Castaneda that the prosecutor's failure to produce a list of all witnesses and tangible evidence within control of the prosecutor within 10 days after arraignment was a violation of Rule 15.1 of the Rules of Criminal Procedure 1973. It is the position of counsel for the accused that whether the evidence was willfully or negligently withheld by the State, the defendant was denied due process fairness when the motion in limine to preclude lately "discovered" evidence was denied.

Rule 15.1(d) reads as follows:

"d. *Extent of Prosecutor's Duty to Obtain Information.* The prosecutor's obligation under this rule extends to material and information in the possession or control of members of his staff and of any other persons who have participated in the investigation or evaluation of the case and who are under the prosecutor's control."

The prosecutor avowed to the court that the reason the information was so tardily forthcoming was because of a file clerk's error:

"Throughout the time this case was pending I examined the file and I was not aware of any of these other reports.

At the time of the omnibus hearing I glanced in the file and that time I became aware that another series of reports touched upon this and I asked Mr. Zavala if he had the reports and he said he didn't.

At that time I told Judge Fenton that I hadn't seen the reports before and I didn't know what was in them. I wasn't ordered to by Judge Fenton. I said I would get them to them as soon as possible. The subsequent—

"THE COURT: How did these get in your file?

"MR. ROLL: Your Honor, what happens in our office is that a police report comes in and is filed in our boxes. We read them and put them in another box and they are sent to the file room and initialled by one of the girls in our file room and are disclosed to the defense attorneys.

This time I didn't get them filed in my box. There was no indication that any of the girls in the file room had seen them. The first time I became aware of them was at that omnibus hearing."

■ Although we do not question the prosecution's avowal as to what occurred, we do not view with favor the piecemeal revelation of the items required to be disclosed under Rule 15.1. The prosecutor has the duty to see that the information he has available and expects to use is marshaled and made available when required by the rules. As the Comment to Rule 15.6 states " * * * the entire structure of pretrial proceedings embodied in these rules repends on early and complete evidentiary disclosure." Although the prosecutor was prompt in making the information available to defendant once the prosecution became aware of the evidence, we feel that he could have made a greater effort in familiarizing himself with the facts of the case he was to try, and this failure could be a ground for more severe sanctions as provided by Rule 15.7 of the Rules of Criminal Procedure 1973.

We do not believe, however, that the court was required under the facts to grant the motion in limine. Rule 15.1(d) governing disclosure was violated, but it is within the discretion of the trial judge as to what is appropriate sanction. In this instance the trial judge invoked the sanction found in 15.7, subsection (b), and granted a continuance of the trial so that defense counsel might adequately investigate the newly found evidence and simultaneously conduct his other pending trials, too. The trial judge focused on whether fundamental due process fairness would be denied Castaneda under the circumstances, before denying counsel's motion in limine to preclude the recently brought forth evidence:

"THE COURT: Mr. Zavala, I really think the important thing to me now is whether or not you have been able to make sufficient investigation of the disclosures that were made to you. I really think that's the heart of it in view of everything else that has taken place."

Defense counsel did not allege that Castaneda's case was prejudiced by granting a continuance rather than precluding the evidence entirely. After searching the record we do not find that the case of the accused was prejudiced by granting a continuance.

## THE DEADLY WEAPON

■ It is defendant's contention that there was no factual evidence to support a jury's finding that Castaneda attacked his victim while armed with a deadly weapon, to-wit, a "knife like object." Without such evidence Castaneda's counsel argues his client is guilty of § 13–249(A) A.R.S., assault with a deadly weapon, rather than § 13–249(B) A.R.S., assault by a person

armed with a deadly weapon. If § 13–249(A) is applicable, defendant's punishment is "not more than ten years" while if subsection B is applicable, the sentence for a first offense is "not less than five years."

§ 13–249 A.R.S. reads as follows:

"A. A person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both.

"B. A crime as prescribed by the terms of subsection A, committed by a person armed with a gun or deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense, shall the person convicted be eligible for commutation of sentence. As amended Laws 1967, Ch. 62, § 3."

In State v. Williams, 110 Ariz. 104, 515 P.2d 849 (1973) we stated that a knife is a deadly weapon, and the specific statute, § 13–249(A) and (B), has been upheld against an attack that it was unconstitutionally vague, see, State v. Church, 109 Ariz. 39, 504 P.2d 940 (1973). The victim consistently testified both at the preliminary hearing and the trial that she first felt a sharp blade on her neck and then later saw the knife in her assailant's possession. We therefore have no doubt that the facts in the instant case support a conviction under either subsection A or B despite defendant's contentions that he did not threaten the victim with a knife.

It is noted, however, that the information charged the defendant as follows:

"COUNT TWO (ASSAULT WITH A DEADLY WEAPON)

"On or about the 4th day of December 1973 WILLIAM ABAD CASTANEDA assaulted FRANCIS GONZALEZ with a deadly weapon or instrument, to wit: a knife, all in violation of A.R.S. § 13–249, as amended."

This was later amended, but before trial, to read:

"COUNT TWO (ASSAULT WITH A DEADLY WEAPON)

"On or about the 4th day of December, 1973, WILLIAM ABAD CASTANEDA assaulted FRANCIS GONZALEZ with a deadly weapon or instrument, to wit: a knife-like object, all in violation of A.R.S. Section 13–249, as amended."

And the jury was instructed:

"An assault is an unlawful attempt coupled with a present ability to commit a violent injury on the person of another.

"An assault with a deadly weapon is an unlawful attempt coupled with a present ability to commit a violent injury upon the person of another with a deadly weapon.

"A deadly weapon is any object, instrument or weapon which, used in the manner in which it appears to have been used, is capable of producing and is likely to produce death or great bodily injury.

"To constitute an assault with a deadly weapon, actual injury need not have been caused.

"The elements of the offense are the unlawful attempt to commit a violent injury upon the person of another while armed with a deadly weapon and the then present ability to accomplish the injury.

"If an injury has been inflicted, that fact may be considered by the jury in connection with all other evidence in the case determining the type of an offense committed and the character of the weapon as it was used."

The verdict read as follows:

"We, the Jury, duly impaneled and sworn in the above entitled action, upon our oaths, do find *the defendant, William Abad Castanda, guilty* of the crime of

**268**

'assault with a deadly weapon' as charged in COUNT II of the Amended Information."

Neither by specific language in the information nor by the section number of § 13-249 A.R.S. was the defendant or his attorney put on notice that he was to be convicted of the greater offense under subsection B rather than the lesser offense under subsection A. From the facts the defendant could have been convicted under either subsection A or B as the facts support such a conviction. In the instant case we believe that the State should have charged under subsection B if it wanted a conviction under subsection B. Having failed to do so, we feel that subsection A should apply.

We therefore hold that the defendant should have been sentenced under subsection A and the sentence of from twenty to thirty years under Count II is pursuant to § 13-1717 A.R.S., reduced to not less than four nor more than five years, the sentence to be served consecutively to the sentence imposed in Count I.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.