538 P.2d 773

**STATE of Arizona, Appellee,**

v.

**Charles ADRIAN, Appellant.**

**No. I CA–CR 833.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 5, 1975.

Bruce E. Babbitt, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

OPINION

DONOFRIO, Judge.

The defendant, Charles Adrian, was charged by information on February 13, 1974 with assault with a deadly weapon. He was convicted of the charge after a trial to a jury and was sentenced on September 4, 1974 to a term of five to six years' imprisonment. From the judgment and sentence he has brought the current appeal.

Three issues are presented on appeal:

1. Was a statement made by the defendant while he was in custody but prior to the giving of Miranda warnings properly admitted into evidence?

2. Did the trial court commit error in failing to grant a directed verdict of acquittal at the close of the State's case?

3. Should appellant have been sentenced under A.R.S. § 13–249(A) rather than A.R.S. § 13–249(B)?

The facts relevant to these issues show that at approximately 11:30 p. m. on January 31, 1974, a fight broke out in the defendant's apartment between two of the defendant's nephews. There were six other

young men in the apartment at the time, three of whom were friends of one nephew and three of the other nephew. All of the people involved were men in their late teens and early twenties. In a matter of moments, other members of the crowd began to fight, and although the record is not clear as to the exact sequence of blows, it is clear that the defendant, Charles Adrian, took a knife with approximately a six-inch blade from a scabbard in the room and stabbed the victim in the stomach. The men immediately left the apartment and an ambulance was called for the victim. Shortly thereafter the defendant was arrested with the knife and scabbard in his possession. He was taken into custody and while being transported to the Criminal Investigation Bureau at the Phoenix Police Department made the following statement to the officer who was transporting him: "Four guys came into my house, I pushed them outside and I stabbed two of them with my knife." Prior to making the statement the defendant had not been advised as to why he was placed under arrest, nor had he been given the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The defendant was later interrogated at the Criminal Investigation Bureau by a second Phoenix Police Officer. However, prior to this questioning, the defendant was advised of his rights pursuant to *Miranda.* Thereafter, defendant told the officer about the fight, stated that he had been hit by the victim with an unknown object, probably a chain, and after being struck had removed the knife from a scabbard nearby and had made a sweeping, slicing motion toward the victim, striking him.

■ Defendant's first argument on appeal is that the statement made while being transported to the Criminal Investigation Bureau should have been suppressed in that at the time the statement was made he was in custody; he had not been advised of his right against self-incrimina-tion as provided by *Miranda*; and the silence of the officer transporting him was "in fact a form of interrogation." We find no merit to this argument. Although the defendant was in custody, there is no indication that the statement made by him was the result of any interrogation on the part of the police officer. As was stated in *State v. Small,* 20 Ariz.App. 530, 514 P.2d 283 (1973),

" . . . 'Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by the holding of *Miranda.*' *State v. Kroupa,* 16 Ariz.App. 254, 257, 492 P.2d 750, 753 (1972). Furthermore, where there is no interrogation and the defendant utters words which are self-incriminating, these words are not subject to the *Miranda* warnings. (citation omitted)" 20 Ariz.App. at 533, 514 P.2d at 286

We find nothing in the record to indicate that the statement made by the defendant was anything other than a spontaneous utterance and therefore is not subject to the exclusionary rule of *Miranda.*

Defendant's second issue argues that the trial judge committed error in failing to grant his motion for a directed verdict at the close of the State's case. In support of this argument the defendant states that at no time during the case in chief was it established that the defendant had a knife or that he was the one who had stabbed the victim. In reviewing the record, we find that there was ample evidence to support the trial court's ruling.

■ As a reviewing court, we review the evidence in a light most favorable to upholding the verdict. *State v. Enriquez,* 104 Ariz. 16, 448 P.2d 72 (1968). Here, it is true that the victim did not see the knife in the defendant's hand. However, he did testify that the defendant came at him in a quick manner, felt something happen to him and then hit the defendant and fled from the apartment. When he went out into the street he realized that he had been stabbed in the stomach. In addition, there

were two witnesses presented by the State in its case in chief who testified that they saw the defendant stab the victim, and the statements made by the defendant to the police officers mentioned above corroborates this testimony. Even if there were some merit to defendant's argument, we would point out that after the State had rested and the motion for directed verdict was made, the defendant then went forward with his case in an attempt to show self defense. One witness was called in his behalf who testified that the defendant had in fact stabbed the victim, and the defendant himself admitted the stabbing while testifying to the jury. The law is well settled that where a defendant goes forward and presents his case he waives any error in the denial of a motion for directed verdict where deficiencies in the State's evidence are supplied by the defense. *State v. Patricella,* 109 Ariz. 393, 510 P.2d 39 (1973); *State v. Hanshe,* 105 Ariz. 529, 468 P.2d 382 (1970).

Finally, defendant argues that he should have been sentenced under subsection A of A.R.S. § 13–249 rather than subsection B.[1] Because both subsections use the words "deadly weapon" the defendant states that the statute is ambiguous concerning the sentence to be imposed under the facts of this case and therefore the matter should be remanded for resentencing under subsection A. The Supreme Court of this state has recently discussed the issue presented by defendant in two separate opinions: *State v. Church,* 109 Ariz. 39, 504 P.2d 940 (1973) and *State v. Castaneda,* 111 Ariz. 264, 528 P.2d 608 (1974). In the *Church* opinion the court held that

subsection B was not unconstitutionally vague merely because it used the same words "deadly weapon" as used in subsection A. The court stated:

"... In applying these principles [ejusdem generis] in construing A.R.S. § 13–249, subsec. B, as amended, we are of the opinion that the legislature intended that one armed with a deadly weapon of the type like a gun (ones that are inherently dangerous), is subject to increased punishment." 109 Ariz. at 43, 504 P.2d at 944.

In *Castaneda,* a knife was used and the court stated that the defendant could have been punished under either subsection A or subsection B of A.R.S. § 13–249, citing *State v. Williams,* 110 Ariz. 104, 515 P.2d 849 (1973), for the proposition that a knife is a "deadly weapon". The court went on to hold, however, that before subsection B of the statute could be used the defendant or his attorney must be put on notice that he was to be convicted of the greater offense under subsection B. In Castaneda the defendant had been charged with assault with a deadly weapon by an information which stated in part:

"... with a deadly weapon or instrument, to wit: a knife-like object, all in violation of A.R.S. Section 13–249, as amended."

■ In the case at bar, the information gave adequate notice to both the defendant and his counsel that he was being charged under subsection B of A.R.S. § 13–249. The information reads as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF ARI-

---

1. "13–249. Assault with deadly weapon or force; punishment

A. A person who commits an assault upon the person of another with *a deadly weapon* or instrument, or by any means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both.

B. A crime as prescribed by the terms of subsection A, committed by a person

armed with a gun or *deadly weapon*, is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense, shall the person convicted be eligible for commutation of sentence. As amended Laws 1967, Ch. 62, § 3." (emphasis supplied)

ZONA, CHARLES ADRIAN is accused this 13th day of February, 1974 by the County Attorney of Maricopa County, State of Arizona, by this Information of the crime of ASSAULT WITH A DEADLY WEAPON, a Felony, committed as follows, to-wit:

The said CHARLES ADRIAN on or about the 31st day of January, 1974 and before the filing of this Information at and in the County of Maricopa, State of Arizona, while armed with a gun or deadly weapon assaulted Ernie M. Soto, with a deadly weapon, to-wit: a knife, all in violation of A.R.S. § 13–249, as amended 1967, contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the State of Arizona." (emphasis added)

The underlined portion of the information is taken directly from subsection B of the statute and thus gave proper notice that the defendant would be subject to the enhanced punishment.

The judgment and sentence are affirmed.

OGG, P. J., Department A, and FROEB, J., concur.