563 P.2d 310

**The STATE of Arizona, Appellee,**

v.

**Salvator CORRAO, Appellant.**

**No. 2 CA–CR 900.**

Court of Appeals of Arizona, Division 2.

Jan. 31, 1977.

Rehearing Denied March 29, 1977.

Review Denied April 19, 1977.

**56**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Kenneth J. Peasley, Pima County Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

This is an appeal from a judgment of guilty of assault with a deadly weapon and a sentence thereon of not less than five nor more than five and one-half years in the Arizona State Prison.

Appellant contends:

(1) The verdict is contrary to law and the weight of the evidence.

(2) The trial court committed reversible error in not instructing the jury concerning the law of self-defense as enunciated in A.R.S. § 13–246(A)(6) and A.R.S. § 13–1207.

(3) The trial court erred in sentencing appellant pursuant to subsection (B) of A.R.S. § 13–249, as amended.

We believe that none of these contentions has merit and therefore affirm.

The evidence stated most strongly in favor of the state is as follows. On February 13, 1976, at approximately 6:00 p. m., Alex Miguel commenced drinking at the Tucson High School football field. He stated that he became so intoxicated that he was unable to recall any events between 7:00 p. m. and his admission to St. Mary's Hospital shortly before midnight. Witnesses testified that at approximately 11:00 p. m., in the vicinity of Choo Choo's Bar in Tucson, Miguel approached a car in which appellant and two friends were seated, stumbled against it, and urinated near the vehicle. Appellant immediately asked Miguel to leave, and Miguel responded by making ob-

scene comments to appellant and a female occupant of the automobile. After another verbal exchange, Miguel challenged appellant to leave the vehicle. Appellant, who was seated in the back, got out of the automobile despite Miguel's attempt to push the car door against him. In the fight that ensued Miguel threw several wild punches and then was stabbed by appellant with a large knife described as a "bayonet." Officer Michael Melton of the Tucson Police Department saw the fight, intervened and retrieved the knife from the appellant's person.

As the first ground for appeal, appellant submits that the verdict was contrary to the law and the weight of the evidence in that the state failed to prove beyond a reasonable doubt that he did not act in self-defense. We disagree.

In order to sustain a plea of self-defense in a criminal assault action the party invoking the doctrine must show that he (1) reasonably apprehended the possibility of bodily harm to himself; (2) acted solely under the influence of such fear; and (3) under the circumstances, used force reasonably necessary to repel the assailant. *State v. Fields*, 92 Ariz. 53, 373 P.2d 363 (1962). The record contains evidence from which the jury could conclude beyond a reasonable doubt that appellant did not satisfy one or more of those elements of self-defense.

The victim was visibly intoxicated, smelled of liquor and had difficulty walking, while appellant was sober. Further, Miguel was unarmed and his wild swings made no contact. Appellant informed a police officer at the scene that he could have walked away from Miguel by merely turning around and leaving. The jury could properly have found that appellant did not reasonably fear for his safety, acted apart from any such influence and, moreover, used deadly force against a harmless attack.

Appellant's second contention is that although self-defense instructions were given, the court below should have instructed

the jury, sua sponte, on appellant's right to act in defense of another person or another's property pursuant to A.R.S. § 13–246(A)(6) and A.R.S. § 13–1207. It is argued that the court's failure to do so constitutes reversible error. Again, we cannot agree.

■ Generally, failure to give an instruction which has not been requested is not error. *State v. Ganster*, 102 Ariz. 490, 433 P.2d 620 (1967). In matters vital to the rights of a defendant, however, the trial judge is required to instruct the jury on his own motion, even if not requested to do so by the defense. *State v. Evans*, 109 Ariz. 491, 512 P.2d 1225 (1973). The instruction, of course, must be predicated on some theory of the case supported by the evidence, and, when not so predicated, it should not be given. *State v. Gary*, 112 Ariz. 470, 543 P.2d 782 (1975).

Appellant's claim that he was acting in defense of property lacks evidentiary support. The victim's stumbling against the vehicle and subsequent urination had occurred without resulting damage. There was no evidence reflecting that the vehicle was in danger. Cf. *State v. Ringler*, 194 Kan. 133, 397 P.2d 390 (1964). Similarly, although Miguel made rude and obscene comments to the female occupant of the car, the testimony, viewed in its entirety, did not warrant an instruction on defense of another. A.R.S. § 13–1207 provides:

"No person in this state shall be subject to civil or criminal liability for using reasonable force to protect himself or another if reasonable grounds exist whereby it appears he or the other person or persons are in imminent danger of or in the process of becoming the victim of a crime likely to cause bodily injury."

Here, the evidence revealed that appellant alone was the recipient of the challenge to fight, and that there was no imminent danger of unlawful bodily harm to the other occupants of the automobile.

■ Lastly, appellant argues that the trial court erred in sentencing him pursuant to the provisions of A.R.S. § 13–249(B) (Supp. 1973) as opposed to the provisions of A.R.S. § 13–249(A) (Supp.1973).[1] He contends that the increased penalty allowed under subsection (B) pertains solely to those persons who commit assaults while armed with a gun, and that the words ". . . or deadly weapon . . ." are mere surplusage.[2] We believe that this argument also lacks merit.

In *State v. Church*, 109 Ariz. 39, 504 P.2d 940 (1973), our Supreme Court held that subsection (B) was not unconstitutionally vague merely because it used the same words, "deadly weapon", as used in subsection (A). Rather, the court stated:

". . . In applying these principles [ejusdem generis] in construing A.R.S. § 13–249, subsec. B, as amended, we are of the opinion that the legislature intended that one armed with a deadly weapon of the type like a gun (ones that are inherently dangerous) is subject to increased punishment."[3]

109 Ariz. at 43, 504 P.2d at 944.

---

1. A.R.S. § 13–249 (Supp.1973) provides:
   "A. A person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both.
   "B. A crime as prescribed by the terms of subsection A, committed by a person armed with a gun or deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense, shall the person convicted be eligible for commutation of sentence."

2. Appellant concedes that the indictment put him on notice that he was subject to sentencing under A.R.S. § 13–249(B).

3. As further evidence of legislative intent we note that § 13–249(B) was amended once again in Ch. 111, § 2, Laws of 1976, to read ". . . or *other* deadly weapon. . . ." (Emphasis ours.)

In *State v. Castaneda*, 111 Ariz. 264, 528 P.2d 608 (1974), a "knife-like object" was used by the defendant and the court stated that the punishment could be imposed under either subsection (A) or (B) of A.R.S. § 13–249, citing *State v. Williams*, 110 Ariz. 104, 515 P.2d 849 (1973), for the proposition that a knife is a "deadly weapon." Again, in *State v. Adrian*, 24 Ariz.App. 344, 538 P.2d 773 (1975), Division I of this court had no difficulty finding a knife with a six-inch blade to be an inherently dangerous weapon, and thus held that subsection (B) could be applied where proper notice had been given. In the case at bench, the knife in question, which was described as "rather large" and a "bayonet", could certainly be considered an inherently dangerous weapon.

The difference between subsections (A) and (B) is that under subsection (B) the defendant must have been "armed" with a deadly weapon. A person is "armed with a deadly weapon" when he carries such weapon or has it available for use in either offense or defense. *People v. Reaves*, 42 Cal.App.3d 852, 117 Cal.Rptr. 163 (1974). Our legislature has recognized the seriousness of such conduct by making a higher punishment available.

It is our opinion that the trial court did not err in sentencing appellant pursuant to the provisions of A.R.S. § 13–249(B), as amended.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.