569 P.2d 1377

STATE of Arizona, Appellee,

v.

Ricky KIDD, Appellant.

No. 1 CA–CR 2516.

Court of Appeals of Arizona,
Division 1,
Department C.

Aug. 25, 1977.

Rehearing Denied Sept. 23, 1977.

Review Denied Oct. 12, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Phoenix, for appellee.

Westover, Choules, Shadle & Bowen, P.C. by Bruce A. Jensen, Yuma, for appellant.

## OPINION

DONOFRIO, Judge.

This is an appeal by appellant/defendant Kidd from a judgment of conviction and prison sentence of not less than five nor more than seven years from September 11, 1976, imposed thereon for the offense of assault with a deadly weapon, to-wit: a gun, a felony. Defendant was tried by a jury.

Appellant's counsel has filed an opening brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief, counsel sets forth one arguable question of law, and he, also, requests that this Court search the record for fundamental error.

In accordance with an order of this court dated April 28, 1977, defendant has been furnished a copy of all records on appeal including transcripts in possession of his counsel and appellant's opening brief. He was allowed to file a supplemental brief *in propria persona* raising any additional points he may desire to raise. No supplemental brief has been filed.

Appellant urges it was error for the trial court to sentence him using the penalty clause of A.R.S. § 13–249(B) rather than the penalty clause of A.R.S. § 13–249(A).

The material portion of the indictment charging defendant reads as follows:

"In the name and by the authority of the State of Arizona Ricky Kidd is accused by the Grand Jurors of the County of Yuma, State of Arizona by this indictment of the crime of Felony to-wit: Assault with a Deadly Weapon committed as follows, to-wit: That the said Ricky Kidd on or about the 11th day of September, 1976, and before the filing of this indictment at, and in the County of Yuma, State of Arizona, did then and there assault David Taylor and Timothy Taylor, with a deadly weapon, to-wit: A gun, in violation of A.R.S. § 13–249, as amended. All of which is contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the State of Arizona."

A.R.S. § 13–249 in its entirety reads as follows:

"A. A person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both.

B. A crime as prescribed by the terms of subsection A, committed by a person armed with a gun or other deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense committed by a person armed with a deadly

weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed.

C. Any person who commits assault with a deadly weapon other than a gun who is placed on probation in accordance with the terms of this section shall upon sentencing be committed to the department of corrections for not less than thirty nor more than sixty days. As amended Laws 1967, Ch. 62, § 3; Laws 1975, Ch. 111, § 2."

The jury was given two forms of verdict and the material portion of the verdict which was rendered reads as follows:

"We, the Jury, duly impaneled and sworn in the above-entitled action, upon oath, do find the defendant guilty of assault with a deadly weapon, to wit, a gun."

■ At the time of sentencing, defendant's counsel filed a motion to have defendant sentenced pursuant to A.R.S. § 13–249(A) rather than A.R.S. § 13–249(B) contending as a basis therefore that if the State had wanted a conviction under subsection (B), supra, that it should have specifically designated the subparagraph in the information. We do not agree.

Appellant cites *State v. Castaneda*, 111 Ariz. 264, 528 P.2d 608 (1974); and *State v. Garcia*, 114 Ariz. 317, 560 P.2d 1224 (1977), in support of his contention. Both of these cases are distinguishable upon the facts with the case at bar and we here follow the reasoning set out in *State v. Adrian*, 24 Ariz.App. 344, 538 P.2d 773 (1975). The indictment of the instant case as did the information in *Adrian* puts defendant and his attorney on notice that the deadly weapon used was a gun thus subjecting defendant to the penalty set out in subsection (B), supra.

Both *Castaneda* and *Garcia*, supra, turn upon the fact that the weapon used, a knife, was not specifically enumerated in subsection (B) of A.R.S. § 13–249, thus, leading to a possible confusion in the defendant's mind as to the subsection which would be applicable to his case. Here defendant was put on notice that the assault was with a deadly weapon, and that the deadly weapon was a gun.

A.R.S. § 13–249(B) specifically states, "*A crime as prescribed by the terms of subsection A, committed by a person armed with a gun * * *.*" Appellant and appellant's counsel could not logically come to any other conclusion than that subsection (B) was to be applied to the instant case.

■ The indictment gave adequate notice to both the defendant and his counsel that he was being charged under A.R.S. § 13–249(B) when it recited, "to wit: a gun." In general the indictment shall be a plain concise statement of facts sufficiently definite to inform the defendant of the offense charged, and specification of an offense shall constitute a charge of that offense and all offenses necessarily included therein. 17 A.R.S., Rules of Criminal Procedure, rule 13.2. We would hold that when the Legislature spells out a specific crime in a subsection of a statute which is the only subsection that will apply to the facts of a case the conviction will be upheld even though the defendant was charged under the general section number without particularizing the subsection, especially in this case where no previous objection was made to specify the subsection until after the verdict and just before sentencing.

We have examined the record and find no prejudicial or fundamental error.

Affirmed.

JACOBSON, P. J. and OGG, J., concurring.