584 P.2d 1173

**The STATE of Arizona, Appellee,**

**v.**

**Robert Allen GORDON, Appellant.**

**No. 2 CA–CR 1222.**

Court of Appeals of Arizona,
Division Two.

March 30, 1978.

Rehearing Denied May 17, 1978.

Review Granted June 13, 1978.

---

a sentence thereon of not less than five nor more than 15 years in the Arizona State Prison. Appellant raises only one issue: should the court have granted his motion for a judgment of acquittal for lack of substantial evidence of an attempt to commit a physical injury on the victim? [1]

■ Assault is an offer to use force to injure another. *State v. Parker*, 116 Ariz. 3, 567 P.2d 319 (1977). The victim testified that appellant came up to the driver's door of her car, held a knife to the back of her neck and told her to move over. Appellant's conduct constituted an assault. Use of the knife made it an assault with a deadly weapon. *State v. Garcia*, 114 Ariz. 317, 560 P.2d 1224 (1977). The crime does not demand a stringent concept of intent to do harm when obviously deadly weapons are involved. *See State v. Seebold*, 111 Ariz. 423, 531 P.2d 1130 (1975).

Although we affirm the conviction, the sentence is vacated. A.R.S. § 13–249 provides:

"A. A person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both.

"B. A crime as prescribed by the terms of subsection A, committed by a person armed with a gun or other deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person

Stephen D. Neely, Pima County Atty. by D. Jesse Smith, Deputy County Atty., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

OPINION

RICHMOND, Chief Judge.

This is an appeal from a judgment of guilty of assault with a deadly weapon and

[1] § 13–241. Definition of assault and battery

A. An assault is an unlawful attempt, coupled with a present ability, to commit a physical injury on the person of another.

has served the minimum sentence imposed."

The indictment adequately informed appellant that he was to be prosecuted under both subsections, including the enhanced punishment provisions of subsection B. *Cf., State v. Garcia*, supra. The verdict rendered by the jury, however, reads as follows:

"We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the defendant Robert Allen Gordon guilty of the crime of Assault With a Deadly Weapon, to wit: A knife."

 The jury was not asked to determine whether the crime was committed by a person armed with a deadly weapon. There was evidence from which it might have found otherwise.[2] The purpose of the increased penalty under subsection B of § 13–249 is to deter criminals from carrying weapons which have the potential of inflicting death. *State v. Church*, 109 Ariz. 39, 504 P.2d 940 (1973). Such conduct is a proper subject for increased punishment. *State v. Corrao*, 115 Ariz. 55, 563 P.2d 310 (App.1977). It was fundamental error to impose such punishment, however, without a factual determination that appellant was guilty of the conduct for which it was imposed. In that respect, we disagree with the holding of Division One of this court in *State v. Kidd*, 116 Ariz. 479, 569 P.2d 1377 (App.1977), and respectfully decline to follow it.

The judgment is affirmed. The sentence, being in excess of the penalty provided under A.R.S. § 13–249(A), is vacated and the case remanded for resentencing under that subsection.

HOWARD and HATHAWAY, JJ., concur.

---

2. Appellant's companions testified that he was hitchhiking, and one of them testified the knife was already in the vehicle when they picked him up. Appellant testified they were drinking heavily and the next thing he remembered was being in a police car. He denied owning the knife or any recollection of seeing it on the night in question.