617 P.2d 39

**The STATE of Arizona, Appellee,**

v.

**Frances Mary BAKER, Appellant.**

**No. 2 CA–CR 1897.**

Court of Appeals of Arizona, Division 2.

July 30, 1980.

Rehearing Denied Sept. 5, 1980.

Review Denied Sept. 25, 1980.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Dee–Dee Samet, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, Frances Mary Baker, was found guilty by a jury of unlawful furnishing of a narcotic drug, unlawful possession of narcotics valued at not less than $250, unlawful offer to sell narcotics valued at not less than $250, and first–degree conspiracy. She was sentenced to a term of five to ten years in the state prison on each count, to be served concurrently.

Appellant contends that (1) the trial court erred in failing to instruct the jury spa sponte on the issue of insanity; (2) resentencing is required because of the introduction of prejudicial material at the sentence hearing which was not furnished to appellant prior to the hearing and (3) the sentences are excessive. We affirm.

Defense counsel did not request an instruction on the issue of insanity nor did he object to the court's failure to give one. Generally, the failure to give an instruction which has not been requested is not error. *State v. Corrao,* 115 Ariz. 55, 563 P.2d 310 (App.1977); *State v. Ganster,* 102 Ariz. 490, 433 P.2d 620 (1967). Rule 21.3(c), Arizona Rules of Criminal Procedure, 17 A.R.S., states:

"Waiver of Error. No party may assign as error on appeal the court's giving or failing to give any instruction or portion thereof or to the submission or the failure to submit a form of verdict unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

In *State v. Toney,* 113 Ariz. 404, 555 P.2d 650 (1976) we said that "[f]ailure to specifically state the grounds for objections to

instructions, or the failure to give them, waives the right on appeal." 555 P.2d at 654. Where the matter is vital to the rights of a defendant however, the trial judge is required to instruct the jury on its own motion, even if the defendant fails to request him to do so. *State v. Arnett*, 119 Ariz. 38, 579 P.2d 542 (1978); *State v. Corrao*, supra; *State v. Miller*, 115 Ariz. 279, 564 P.2d 1246 (App.1977). The question which must be addressed is whether the court's failure to instruct the jury on the insanity defense was fundamental error and a denial of appellant's rights.

The general rule is that instructions must be based upon some theory of the case which is substantiated by the evidence. When a theory is not supported by the evidence, instructions should not be given because to do so would merely mislead the jury. *State v. Kennedy*, 122 Ariz. 22, 592 P.2d 1288 (App.1979); *State v. Corrao*, supra; *State v. McIntyre*, 106 Ariz. 439, 477 P.2d 529 (1970); *State v. Singleton*, 66 Ariz. 49, 182 P.2d 920 (1947). Where the defense of insanity is raised by the accused, the Arizona courts have consistently required that he satisfy the M'Naghten test. *State v. Crose*, 88 Ariz. 389, 357 P.2d 136 (1960). This test requires that the accused must have had at the time of the commission of the criminal act (1) such a defect of reason as not to know the nature and quality of the act, or (2) if he did know, that he could not distinguish between right and wrong. *State v. Schantz*, 98 Ariz. 200, 403 P.2d 521 (1965); *State v. Crose*, supra.

Appellant's psychiatrist, Dr. Gurland, testified that although he did not begin treating her until May of 1978, he had assessed her emotional condition as of March 28, 1978, the date when she committed the crimes, as "labile" or very fragile and shaky. When asked whether he thought she was capable of understanding the nature and quality of her acts, he answered that her ability was compromised and diminished. On cross–examination, Dr. Gurland testified that he did not think appellant fit under the M'Naghten Rule and indicated that she had some awareness of right and wrong.

Had the evidence been sufficient to establish the insanity defense as a viable theory in the case, the trial judge would have been required to instruct the jury on this matter sua sponte. *Lac Coarce v. State*, 309 P.2d 1113 (Okl.Cr.1957); Cf. *People v. Glover*, 65 Cal.Rptr. 219, 257 Cal. App.2d 502 (1967). Since appellant did not present sufficient evidence to satisfy the requisites of the M'Naghten test, the trial court was under no duty to instruct the jury in the absence of a request. *Dunn v. United States*, 338 F.2d 965 (5th Cir. 1964); *Martin v. State*, 223 Ga. 649, 157 S.E.2d 458 (1967); *People v. Roy*, 18 Cal.App.3d 537, 95 Cal.Rptr. 884 (1971).

Appellant further claims that the failure to furnish defense counsel, prior to the sentencing hearing, with a copy of the transcript of a telephone conversation between appellant and a narcotics agent in Illinois, constitutes grounds for a new sentencing because the material was so highly prejudicial as to have resulted in the imposition of a more stringent sentence. At the time of sentencing, however, no objection was made to proceeding with the hearing despite the fact that defense counsel was concerned about the contents of the transcript and that he had not seen it prior to the hearing. While counsel indicated that the document should have been disclosed because it was "Brady" material, he did not claim that it prejudiced appellant in any way. Having failed to object in the trial court, any objection to the presentence report is now waived. *State v. Nichols*, 24 Ariz.App. 329, 538 P.2d 416 (1975); *Crowder v. State*, 518 P.2d 890 (Okl.Cr.1974).

We find no merit in appellant's claim that the sentences are excessive. A sentence within statutory limits will not be disturbed on appeal except in circumstances amounting to a clear abuse of the trial court's discretion. *State v. Ethington*, 121 Ariz. 572, 592 P.2d 768 (1979); *State v. Herro*, 120 Ariz. 604, 587 P.2d 1181 (1978). An abuse of discretion requires arbitrariness, capriciousness or the absence of an adequate investigation of the facts to en-

able the trial judge to make an intelligent decision. *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978).

A term of five to ten years is well within the statutory time limits for each offense. The sentence is neither arbitrary nor capricious; it is based on the trial judge's careful consideration of the circumstances of the crimes, as well as the moral character and past conduct of the appellant. Appellant had a prior felony conviction for another serious drug offense for which she is currently serving a four–year sentence in Illinois. The judge gave her credit for the 100 days she had already spent in jail on the Illinois offense, thus decreasing her present sentences by more than three months. The record reveals that the trial court conducted an adequate investigation enabling it to intelligently exercise its sentencing power.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.