NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAVID E. TONEY, JR., *Appellant*.

No. 1 CA-CR 25-0251

FILED 05-11-2026

Appeal from the Superior Court in Maricopa County
No. CR2023-007738-001
The Honorable Pamela Hearn Dunne, Judge, *Retired*

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Abigail Smith
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

**F U R U Y A**, Judge:

¶1          David E. Toney, Jr. ("Toney") appeals his convictions for two counts of molestation of a child. He does not appeal the related sentences. He contends that being convicted of both counts violates the Double Jeopardy Clauses in the United States Constitution and the Arizona Constitution (collectively, "the Double Jeopardy Clause"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          We view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Toney. *State v. Allen*, 253 Ariz. 306, 339 ¶ 99 (2022).

¶3          Around 2004 or 2005, Toney moved in with his then-girlfriend ("Ex-Girlfriend") and her three children. A few years later, Ex-Girlfriend's thirteen- or fourteen-year-old niece, Tess,[1] also moved in. Ex-Girlfriend and Toney lived together until 2012 but continued in an on-again, off-again relationship until 2015.

¶4          In 2018, Tess and Ex-Girlfriend's two daughters disclosed that while they lived together Toney sexually assaulted them. After a lengthy investigation, a grand jury indicted Toney in August 2023 on three counts of sexual conduct with a minor and five counts of molestation of a child. As relevant to this appeal, Counts 5 and 6 concerned the molestation of Tess.

¶5          Trial began in March 2025. After a seven-day trial, the jury found Toney guilty on seven of the eight counts, including Counts 5 and 6. Toney received multiple consecutive sentences ranging from seventeen years in prison to life with the possibility of release after thirty-five years.

---

[1]     We use pseudonyms to protect the victim's privacy. *See* Ariz. R. Sup. Ct. 111(i); Ariz. R. Crim. P. 31.10(f).

**¶6**        Toney timely appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes Sections 13-4031 and -4033(A).

## DISCUSSION

**¶7**        Toney argues his convictions for Count 5 and Count 6 violate the Double Jeopardy Clause because Tess's testimony allegedly establishes that both counts refer to the same incident. The State counters it "was clear about which (separate) sets of facts applied to specific counts" and Tess's testimony established two separate incidents.

**¶8**        Because Toney did not raise a double jeopardy issue at trial, we review for fundamental error only. *State v. Henderson*, 210 Ariz. 561, 567 ¶ 19 (2005). A double jeopardy violation constitutes reversible error, and we review de novo whether a violation occurred. *State v. Price*, 218 Ariz. 311, 313 ¶ 4 (App. 2008).

**¶9**        "The Double Jeopardy Clause protects against multiple punishments for the same offense." *State v. Jurden*, 239 Ariz. 526, 529 ¶ 10 (2016); *see also* U.S. Const. amend. V; Ariz. Const. art. 2, § 10. This protection applies when a defendant is convicted "multiple times under the same statute . . . for a single offense." *State v. Moninger*, 258 Ariz. 18, 22 ¶ 12 (2024). Conduct does not constitute a single offense if it "involves factually separate and distinct . . . types of sexual conduct or victims[.]" *State v. McNulty*, ___ Ariz. ___, ___, 573 P.3d 581, 590 ¶ 33 (App. 2025) (citation modified).

**¶10**        In the indictment, Count 5 charged Toney with molesting Tess "to wit: time they watched a scary movie in the bed[.]" Count 6 also charged Toney with molesting Tess, but the incident was described as the "time Defendant pulled victim on top of him[.]" At trial, Tess testified that while watching a movie called "We Own the Night," Toney digitally penetrated her. She also testified that while watching "The Amityville Horror," Toney pulled her on top of him. Toney maintains that the "We Own the Night" incident cannot refer to Count 5 or Count 6 because Tess did not testify that the movie was a "horror" movie or that Toney pulled her on top of him, as described in the indictment. He then concludes that both counts must refer to "The Amityville Horror" incident only, violating the Double Jeopardy Clause. We disagree.

**¶11**        Toney's argument centers on the State's inclusion of "to wit" descriptions in the indictment. But including such descriptions does not add an additional element the State must prove at trial. *See State v. Suarez*, 137 Ariz. 368, 374 (App. 1983) (noting the dollar amount alleged in an indictment for fraudulent scheme was "surplusage" because dollar amount was not a required element under the statute); *U.S. v. Garcia-Paz*, 282 F.3d 1212, 1215–16 (9th Cir. 2002) ("The inclusion of the 'to wit' phrase in the indictment was mere surplusage . . . ."). Rather, the purpose of a "to wit" description is to provide notice so the defendant can adequately prepare his defense. *See State v. Kidd*, 116 Ariz. 479, 481 (App. 1977) ("The indictment gave adequate notice to both the defendant and his counsel that he was being charged under [a specific statute] when it recited, 'to wit: a gun.'").

**¶12**        In his opening brief, Toney argued only[2] that Tess's testimony established that Counts 5 and 6 necessarily referred to the same incident. But Toney fails to show that the two movie incidents constitute a single offense, such that there is a double jeopardy issue. To the contrary, Tess's testimony makes it clear that two incidents occurred during different movies and involved different types of sexual conduct, such that the incidents are "factually separate and distinct[.]" *McNulty*, 573 P.3d at 590 ¶ 33. This conclusion is further fortified by the requirement that we resolve all factual inferences against Toney. *See Allen*, 253 Ariz. at 339 ¶ 99. Thus, because Toney failed to show he was convicted twice for a single offense, there was no double jeopardy violation and no fundamental error.

---

[2]        Toney did not argue the indictment provided insufficient notice or that he could not adequately prepare his defense until his reply brief. Thus, the argument is waived, and we do not reach it. *State v. Kiles*, 222 Ariz. 25, 32 ¶ 22 n.8 (2009) (stating argument raised for first time in reply brief was waived because "opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised" (*quoting State v. Carver*, 160 Ariz. 167, 175 (1989))).

## CONCLUSION

**¶13**        We affirm Toney's convictions and sentences[3] for Count 5 and Count 6.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:              JR

---

[3]        Toney does not argue any error as to his sentences on appeal, so he has waived any challenge to them. *See State v. Bolton*, 182 Ariz. 290, 298 (1995) ("Failure to argue a claim on appeal constitutes waiver of that claim.").