560 P.2d 1224

**The STATE of Arizona, Appellee,**

v.

**Jose Manuel GARCIA, Appellant.**

**No. 3626.**

Supreme Court of Arizona,
In Banc.

Feb. 16, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Edmund T. Allen, III, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

The defendant, Jose Manuel Garcia, appeals from a jury verdict and judgment of guilt to the crime of assault with a deadly weapon, A.R.S. § 13–249(B), and a sentence of not less than five years nor more than six years in the Arizona State Prison.

We have jurisdiction pursuant to Rule 47(e)(5), 17A A.R.S., Arizona Supreme Court Rules.

The defendant raises six issues on appeal. We feel, however, that we need consider only three:

1. Was it error to sentence the defendant under A.R.S. § 13–249(B) rather than A.R.S. § 13–249(A)?
2. Did the court properly instruct the jury on the issue of self-defense?
7. Did the court err in denying defendant's motion for change of judge?

At approximately 11:00 on the evening of 3 July 1975, Roy Aguilar, age 16, his brother Oscar, and a friend named Charles Seitz were standing in the front yard of a residence located in the 4000 block of West Topeka, in Maricopa County. The defendant Jose Garcia drove by. With him as passengers were three of his brothers, Manuel, Andy and Danny Garcia, and a companion named Bill Bodine. Oscar Aguilar called out in recognition and Jose Garcia stopped. The two groups began to engage in some bantering. At one point one of Jose Garcia's younger brothers opened the car door and vomited near Roy Aguilar, who was leaning against the vehicle. The testimony indicated that earlier the Garcias and Bodine had been at a drive-in where they consumed a 12-pack of beer. Roy Aguilar remarked "What's he throwing up on, dope?" Jose Garcia got out of the car and strode up to Roy, saying repeatedly "Are you looking for a fight?" Roy, who had homemade nunchakus (chinese fighting sticks) slung over his shoulder, laughed in response. At this point the testimony conflicts. Roy Aguilar, Oscar Aguilar and Charles Seitz testified that Jose Garcia punched Roy in the mouth and stabbed him in the abdomen with a switchblade knife, and then Roy hit Jose over the head with the nunchakus, which in fact broke after the blow. Jose Garcia testified that he merely pushed Roy, whereupon Roy struck Jose with the nunchakus and Jose pulled out his switchblade knife and stabbed Roy in self-defense.

After this initial exchange of blows, the Garcias and Bodine piled out of the car and began to fight with Roy, who was flailing away with his broken nunchakus. Oscar Aguilar joined in the fracas. Roy Aguilar broke away and went a few feet into a shallow ditch where he stumbled over an abandoned bicycle. The Garcias and Bodine caught up to him and Jose Garcia stabbed him twice deeply in the chest and slashed him while the others pummeled away. Roy again broke loose and staggered up the driveway, Jose and Manny Garcia in pursuit. He collapsed against a parked car. He later testified that Jose and Manny punched him some more and then one of them declared "This is what you get for messing with the Garcias."

Roy Aguilar sustained seven to eight knife wounds. The switchblade knife used in the assault was never recovered. The defendant testified that it had a three inch blade but the surgeon who treated Roy testified that one of the stab wounds was four to five inches in depth.

## WAS IT ERROR TO SENTENCE THE DEFENDANT UNDER § 13–249(B)?

█ The defendant argues that he should have been sentenced under A.R.S. § 13–249(A) instead of A.R.S. § 13–249(B). De-

fendant's argument is two-prong. First, he argues that the information charging him with assault with a deadly weapon gave no notice that he was to be prosecuted under the enhanced punishment provisions of subsection B of A.R.S. § 13–249. Second, that the "or other deadly weapon" language of subsection B does not encompass a knife. As to the second contention, *State v. Williams,* 110 Ariz. 104, 515 P.2d 849 (1973) held that a knife is a deadly weapon for the purposes of subsection B of A.R.S. § 13–249 and is dispositive of defendant's argument. As to defendant's first contention, that the court erred in sentencing the defendant under subsection B of A.R.S. § 13–249, we must look to the statute and the information to see if the defendant was put on notice that he would receive the enhanced punishment A.R.S. § 13–249(B) imposes. The statute states:

> "§ 13–249. Assault with a deadly weapon or force; punishment
>
> "A. A person who commits an assault upon the person of another with a *deadly weapon or instrument,* or by any means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both.
>
> "B. A crime as prescribed by the terms of subsection A, committed by a person armed with a *gun or other deadly weapon,* is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed." (emphasis supplied)

The information charging the defendant with assault with a deadly weapon read in part:

> "IN THE NAME AND BY THE AUTHORITY OF THE STATE OF ARIZONA, JOSE MANUEL GARCIA is accused this 16th day of July, 1975, by the County Attorney of Maricopa County, State of Arizona, by this Information, of the crime of ASSAULT WITH A DEADLY WEAPON, a felony, committed as follows, to-wit:
>
> "The said JOSE MANUEL GARCIA, on or about the 3rd day of July, 1975, and before the filing of this Information at and in the County of Maricopa, State of Arizona, *while armed with a gun or deadly weapon,* assaulted Roy Aguilar, *with a deadly weapon or instrument,* to-wit: a knife, all in violation of A.R.S. § 13–249 * * *." (emphasis added)

The facts of the case can support a conviction under either subsections A or B. The information is confusing in that it merely uses the statute number (§ 13–249) and does not indicate subsection A or B and uses language peculiar to subsections A and B. The phrase "gun or deadly weapon" naturally draws the reader's (and the defendant's) attention to subsection B. See *State v. Adrian,* 24 Ariz.App. 344, 538 P.2d 773 (1975). However, the phrase "deadly weapon or instrument" is peculiar to subsection A and it is not unreasonable that a defendant could believe that he was being charged under subsection A and not subsection B. We have previously stated in a similar situation:

> "Neither by specific language in the information nor by the section number of § 13–249 A.R.S. was the defendant or his attorney put on notice that he was to be convicted of the greater offense under subsection B rather than the lesser offense under subsection A. From the facts the defendant could have been convicted under either subsection A or B as the facts support such a conviction. In the instant case we believe that the State should have charged under subsection B if it wanted a conviction under subsection B. Having failed to do so, we feel that subsection A should apply." *State v. Cas-*

*taneda,* 111 Ariz. 264, 268, 528 P.2d 608, 612 (1974).

We therefore hold that it was error to sentence defendant under subsection B rather than subsection A.

### SELF–DEFENSE INSTRUCTIONS

Defendant raised the issue of self-defense and asked for an instruction based upon a prior Arizona case which reads:

"Although self-defense has been classified as an 'affirmative plea' of the defendant (*Judd v. State,* 41 Ariz. 176, 193, 16 P.2d 720), that has been held not to mean that the defendant has the burden to prove that plea by a preponderance of evidence, or otherwise. (citations omitted) The State's burden to prove beyond a reasonable doubt that the defendant committed the crime goes to the whole case, including the plea or justification based on self-defense.

"As was stated in *Spence v. Territory,* supra [13 Ariz. 20, 108 P. 229], the defendant's burden with respect to his plea of self-defense extends

'no further than to raise in the minds of the jury a reasonable doubt as to whether his act was justifiable.' (13 Ariz. at page 25, 108 P. at page 229.)"

*Everett v. State,* 88 Ariz. 293, 296–97, 356 P.2d 394, 397 (1960).

The court refused to give the instruction.

We have read the instructions as a whole and while the jury was extensively instructed as to burden of proof, we do not believe the jury was sufficiently instructed as to the burden placed on the State once the issue of self-defense was raised by the defendant.

The trial court was in error in refusing to give defendant's requested instruction on the burden of proof required of the State when the issue of self-defense had been properly raised.

### DENIAL OF MOTION FOR CHANGE OF JUDGE

On 15 January 1976, the trial judge sentenced the defendant to not less than five years in the Arizona State Prison. The defendant then filed a motion for modification of sentence along with a companion motion for change of judge for cause under Rule 10.1, Arizona Rules of Criminal Procedure (1973). The basis for the latter motion was that a fair and impartial hearing on modification of sentence could not be had by reason of the alleged prejudice exhibited by the judge against the defendant.

Rule 10.1 provides for change of judge for cause as distinguished from Rule 10.2, change of judge upon request. Change of judge under Rule 10.2 must be made before the judge has made a decision in the matter. *State v. Smith,* 111 Ariz. 149, 526 P.2d 392 (1974).

A motion for change of judge for cause pursuant to Rule 10.1 may be made when the cause is discovered even if the judge has ruled in the matter. Subsection (b) of Rule 10.1 reads as follows:

"b. *Procedure.* Within 10 days after discovery that grounds exist for change of judge a party may file a motion verified by affidavit of the moving party and alleging specifically the grounds for the change. No event occurring before the discovery shall constitute a waiver of rights to change of judge for cause."

Section (c) requires the matter be heard by another judge

The defendant contends that the judge erred in ruling on the motion for change of judge instead of transferring the case to the presiding judge in accordance with Rule 10.1. We agree.

Rule 10.1 requires the presiding judge to provide a hearing on the motion before a judge other than the judge challenged. The trial judge had no jurisdiction to rule on the defendant's motion.

The matter is remanded for a new trial based upon the error in instructing the jury on the burden of proof where the issue is self-defense. Should the matter be assigned to the same trial judge, defendant may reassert his previous motion for

change of judge pursuant to Rules 10.1 and 10.4, as well as 10.2, Arizona Rules of Criminal Procedure. The prosecution may amend the information to give notice to the defendant under which subsection of A.R.S. § 13–249 the State is proceeding.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.