*688 P.2d 980*

**STATE of Arizona, Appellee,**

v.

**Michael Allen HUNTER, Appellant.**

No. 5466–2.

Supreme Court of Arizona, En Banc.

Sept. 20, 1984.

Robert K. Corbin, Atty. Gen., by William J. Schafer III and Linda A. Akers, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

On October 20, 1981, appellant, Michael Allen Hunter, was found guilty of first degree murder and unlawful use of a means of transportation. On appeal to this court, appellant challenged the murder conviction but not the unlawful use of a means of transportation conviction. *See State v. Hunter*, 136 Ariz. 45, 664 P.2d 195 (1983). We reversed the judgment of conviction and sentence for murder and remanded the case for a new trial because the trial court gave an incomplete motive instruction and failed to give a so-called *Willits* instructions, *see State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964) (an instruction to the effect that if the jury finds that the state or any agent of the state allowed evidence to be destroyed, then the jury may infer that the evidence would be against the interests of the state).

After trial on remand, appellant was again convicted of first degree murder. The case was appealed to this court. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 13–4031, and A.R.S. § 13–4035. Although three main issues confront us, we need consider only one: whether giving the self-defense instruction questioned on appeal amounted to fundamental error. We hold in the affirmative and therefore reverse.

▬▬ The state must prove all of its case against a defendant beyond a reason-able doubt. *Everett v. State*, 88 Ariz. 293, 297, 356 P.2d 394, 397 (1960); *see* A.R.S. § 13–115(A). Thus, when self-defense is claimed, the defendant need not prove that he properly acted in self-defense, but merely must present evidence sufficient to raise a reasonable doubt about whether his conduct was justified. *Everett, supra; see State v. Denny*, 119 Ariz. 131, 133–34, 579 P.2d 1101, 1103–04 (1978). Once such evidence is presented, the burden is on the state to prove beyond a reasonable doubt that the conduct was not justified. *See Everett, supra.*

In the present case the trial court gave the following self-defense instruction to the jury:

If you decide the defendant's conduct was justified, you must find the defendant not guilty.

This instruction is in accord with *Recommended Arizona Jury Instructions*, No. 4.01.

Appellant argues that this instruction "not only failed to make clear to the jury the state's burden of proof as to justification, it actually shifted the burden of proof to appellant by requiring the jury to decide the defendant's conduct was justified before acquitting him under the justification defense."

The state argues that when the instructions are considered as a whole, the justification instruction did not impermissibly shift the burden of proof. The state points out that the trial court gave general instructions that the state must prove all of its case against the defendant and must prove the defendant guilty beyond a reasonable doubt.

On at least two occasions, however, we have reversed convictions, even though the jury was generally and even extensively instructed about general burden of proof, because we found that the jury was not clearly instructed as to burden of proof regarding the justification issue. *See Denny, supra; State v. Garcia*, 114 Ariz. 317, 320, 560 P.2d 1224, 1227 (1977).

▬▬ *Denny* and *Garcia* would be directly on point in this case, and therefore re-

quire reversal, except for one significant factual distinction between those cases and the present case. In both *Denny* and *Garcia* the defendant requested an instruction on self-defense and the requested instruction was refused. Thus, we had to decide merely whether the trial court committed reversible error by refusing the requested instruction. In the present case, however, appellant did not request any specific self-defense instruction nor did he object to the instruction given. Thus, appellant is entitled to relief only if the error committed was fundamental error. *See, e.g.,* Rules of Crim.Pro., rule 21.3; (failure to object to an instruction waives the issue on appeal absent fundamental error); *State v. Libberton,* 141 Ariz. 132, ——, 685 P.2d 1284 at 1290 (1984); *State v. Evans,* 125 Ariz. 140, 141, 608 P.2d 77, 78 (App.1980).

We have described fundamental error as error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial. *Libberton, supra.*

■ We hold that giving the instruction at issue in the present case was fundamental error. In *Denny,* we stated the importance of correctly apprising the jury about the burden of proof as to self-defense:

> "The very purpose of a jury charge is to flag the jurors' attention to concepts that must not be misunderstood, such as reasonable doubt and burden of proof." *Lakeside v. Oregon,* 435 U.S. 333, 340, 98 S.Ct. 1091, 1095, 55 L.Ed.2d 319 (1978). It is vital that the jury not misunderstand the concept of the defendant's burden of proof on self-defense; the jury must be instructed with great care to prevent the misunderstanding of this concept.

119 Ariz. at 134, 579 P.2d at 1104. In the present case the instructions did not carefully instruct the jury such that it would not misunderstand. The instructions did not make it clear that appellant's burden as to self-defense was limited to raising a reasonable doubt and that the burden on

the state was then to disprove beyond a reasonable doubt that appellant acted in self-defense. Rather, because the instructions provided that the state must prove all of its case against the defendant and must prove the defendant guilty beyond a reasonable doubt, and then several pages later provided that "[i]f you find the defendant's conduct justified, you must find the defendant not guilty," the jury might have approached the situation in one or more of three ways: it might have thought, as the state asserts, that the "beyond a reasonable doubt" instruction applied to all issues, including the self-defense issue. It might also have thought, however, that the self-defense instruction seemed to place on appellant the burden of proving self-defense and that therefore the specific instruction concerning self-defense was an exception to the general beyond-a-reasonable-doubt instruction. Or the jury might have thought that the beyond-a-reasonable-doubt instruction applied only to the state's "case against the defendant" and that the wording of the self-defense instruction indicated that the self-defense issue was simply not part of the state's case that the state had to prove.

"[I]t is not a defendant's responsibility to introduce reasonable doubt as to an element of a crime. Rather, it is the state's responsibility to prove the element beyond a reasonable doubt." *State v. Mincey,* 130 Ariz. 389, 398, 636 P.2d 637, 646 (1981), *cert. denied,* 455 U.S. 1003, 102 S.Ct. 1638, 71 L.Ed.2d 871 (1982) (in *Mincey* we held it was fundamental error to give an instruction that improperly shifted to the defendant the burden of proof on the issue of intent). It is "vital" that the jury instructions clearly inform the jury of these concepts. *Denny, supra,* 119 Ariz. at 134, 579 P.2d at 1104. The instructions in the present case did not do that. We therefore hold that giving the instructions at issue in the present case amounted to fundamental error. *See also Evans, supra,* 125 Ariz. at 143, 608 P.2d at 80 (McFate, J., dissenting).

Reversed and remanded for new trial.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.