731 P.2d 610

**STATE of Arizona, Respondent,**

v.

**Raymond Rios GARCIA, Petitioner.**

**No. 1 CA-CR 9785-PR.**

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 7, 1986.
Review Denied Jan. 22, 1987.

Thomas E. Collins, Maricopa Co. Atty. by Sydney Davis, Deputy Co. Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa Co. Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

PAUL G. ULRICH, Judge Pro Tem.

The central question presented for our determination is whether our supreme court's decision in *State v. Hunter*, 142 Ariz. 88, 688 P.2d 980 (1984), holding instruction of a jury pursuant to Recommended Arizona Jury Instruction 4.01 is fundamental error, is to be given fully retroactive effect. We hold that full retroactivity is required, and accordingly reverse the trial court's dismissal of the petition for post-conviction relief here involved and remand for a new trial.

FACTS

Petitioner was charged by information filed August 31, 1981 with two counts of aggravated assault, class three felonies, in violation of A.R.S. §§ 13–1204(A)(2) and (B), –1203(A)(1), –701, –702 and –801. At trial, the following instruction on self-defense was read to the jury at the request of petitioner's counsel:

If you decide that the defendant's conduct was justified, you must find the defendant not guilty.

Recommended Arizona Jury Instructions (RAJI) 4.01.

Petitioner was convicted on both charges and received concurrent sentences for the presumptive term of seven and one-half years on each count.[1] Petitioner's appellate counsel submitted a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Propriety of the self-defense instruction was not raised as an issue on appeal. This court reviewed the record and, finding no fundamental error, affirmed the convictions and sentences by memorandum decision dated September 2, 1982.

On September 20, 1984, our supreme court issued its decision in *State v. Hunter*, 142 Ariz. 88, 688 P.2d 980 (1984), holding

that to instruct a jury on self-defense pursuant to RAJI 4.01 was fundamental error which could be challenged for the first time on direct appeal. *See, e.g., State v. Edgar*, 126 Ariz. 206, 613 P.2d 1262 (1980); *State v. Evans*, 125 Ariz. 140, 608 P.2d 77 (App. 1980) (holding absent fundamental error, a claim of error regarding a jury instruction is waived on appeal pursuant to Rule 21.-3(c), Arizona Rules of Criminal Procedure, if not raised at trial). Prior decisions regarding the state's burden of proof on the issue of justification had not reached the question of whether the error was fundamental because the instructions at issue were objected to at the trial level. *See, e.g., State v. Denny*, 119 Ariz. 131, 579 P.2d 1101 (1978); *State v. Garcia*, 114 Ariz. 317, 560 P.2d 1224 (1977).

Petitioner filed an amended petition for post-conviction relief on December 12, 1984, requesting his convictions and sentences be set aside in light of *State v. Hunter*. The trial court dismissed the petition and denied petitioner's motion for reconsideration by minute entry dated June 19, 1985 and mailed August 2, 1985. Petitioner timely filed for a review by this court on August 7, 1985. *See State v. Byers*, 126 Ariz. 139, 613 P.2d 299 (1980), *overruled on other grounds, State v. Pope*, 130 Ariz. 253, 635 P.2d 846 (1981). We have jurisdiction pursuant to A.R.S. § 13–4239(C).

PRECLUSION

The trial court denied the petition for post-conviction relief and motion for reconsideration on the grounds petitioner failed to raise his objection to the self-defense instruction on direct appeal and failed to file his petition for post-conviction relief within one year after this court's affirmance of his conviction. *See* Rule 32.2(a)(3), Arizona Rules of Criminal Procedure; A.R.S. § 13–4232(A)(3) and (4). However, both Rule 32 and the statutes contain a specific exception to the general rule of preclusion where there has been a "signifi-

---

1. As dangerous, nonrepetitive class three felonies, the offenses carry a minimum, presump- tive and maximum sentence of five, seven and one-half, and fifteen years, respectively.

cant change in the law" justifying retroactive application. *See* Rules 32.2(b) and 32.-1(g), Arizona Rules of Criminal Procedure; A.R.S. §§ 13–4232(B) and –4231(7). Rule 32.1(g) provides it is appropriate to file a petition for post-conviction relief where

> [t]here has been a significant change in the law applied in the process which led to the petitioner's conviction or sentence, and there are sufficient reasons to allow retroactive application of the changed legal standard.

A.R.S. § 13–4231(7) provides a petition for post-conviction relief is appropriate where "[t]here has been a significant change in the law which if applied retroactively would beyond a reasonable doubt overturn petitioner's conviction." We believe *State v. Hunter* constitutes a "significant change in the law" within the meaning of these provisions.[2]

It has long been the law in Arizona that once a defendant presents evidence sufficient to raise a reasonable doubt as to whether his conduct was justified, lack of justification becomes an element of the offense which the state must establish beyond a reasonable doubt. *State v. Denny,* 119 Ariz. 131, 579 P.2d 1101 (1978); *State v. Garcia,* 114 Ariz. 317, 560 P.2d 1224 (1977); *Everett v. State,* 88 Ariz. 293, 356 P.2d 394 (1960); *Anderson v. Territory of Arizona,* 9 Ariz. 50, 76 P.2d 636 (1904). The requirement was first imposed in *Anderson, supra,* based on the common-law presumption "which lies at the very foundation of criminal law—that of innocence, which attaches to a defendant as a sufficient shield until his guilt is established to the satisfaction of the jury, and beyond any reasonable doubt." 9 Ariz. 50,

54, 76 P. 636, 638. *Anderson* and subsequent decisions consistently held that failure to instruct a jury clearly in accordance with this rule constituted reversible error. *See, e.g., Denny, supra.*

However, in *State v. Hunter* our supreme court suggested, for the first time, the requirement is of a constitutional dimension. The *Hunter* court held that to instruct a jury pursuant to RAJI 4.01 constituted fundamental rather than merely reversible error. Fundamental error has been described as "such error as goes to the foundation of the case, or which takes from a defendant a right essential to his defense." *State v. Pulliam,* 87 Ariz. 216, 222, 349 P.2d 781, 785 (1960) *reversed on other grounds sub. nom. State v. Cobb,* 115 Ariz. 484, 566 P.2d 285 (1977); *see also, State v. Hunter, supra; State v. Libberton,* 141 Ariz. 132, 685 P.2d 1284 (1984); *State v. Gamble,* 111 Ariz. 25, 523 P.2d 53 (1974). Our supreme court has further described fundamental error as "error of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial. *It usually, if not always, involves the loss of federal constitutional rights."* *State v. Smith,* 114 Ariz. 415, 420, 561 P.2d 739, 744 (1977). (Emphasis added).

The *Hunter* court held instruction pursuant to RAJI 4.01 constituted fundamental error because the instruction did not clearly advise the jury as to the state's burden of proof on the justification issue. The *Hunter* court noted RAJI 4.01 could have been interpreted by the jury in a variety of ways when read in conjunction with a general instruction on the state's burden of proof:

*United States v. Johnson,* 457 U.S. 537, 549, 102 S.Ct. 2579, 2586, 73 L.Ed.2d 202, 213 (1982):

> [W]hen a decision of this Court merely has applied settled precedents to new and different factual situations, no real question has arisen as to whether the later decision should apply retrospectively. In such cases, it has been a foregone conclusion that the rule of the later case applies in earlier cases, because the later decision has not in fact altered that rule in any material way.

---

**2.** This threshold inquiry is essentially identical to the "clear break with the past" test applied in United States Supreme Court retroactivity cases. *See, e.g., Desist v. United States,* 394 U.S. 244, 248, 89 S.Ct. 1030, 1033, 22 L.Ed.2d 248, 254 (1969) (noting "[h]owever clearly our holding in *Katz* may have been foreshadowed, it was a clear break with the past, and we are thus compelled to decide whether its application should be limited to the future"). Unless there is such a sharp break with prior decisions, no retroactivity problem arises. As observed in

[The jury] might have thought, as the state asserts, that the 'beyond a reasonable doubt' instruction applied to all issues, including the self-defense issue. It might also have thought, however, that the self-defense instruction seemed to place on appellant the burden of proving self-defense and that therefore the specific instruction concerning self-defense was an exception to the general beyond-a-reasonable-doubt instruction. Or the jury might have thought that the beyond-a-reasonable-doubt instruction applied only to the state's 'case against the defendant' and that the wording of the self-defense instruction indicated that the self-defense issue was simply not part of the state's case that the state had to prove.

142 Ariz. 88, 90, 688 P.2d 980, 982.

In holding RAJI 4.01 constituted fundamental rather than merely reversible error, our supreme court relied on its earlier decision in *State v. Mincey,* 130 Ariz. 389, 398, 636 P.2d 637, 646 (1981), *cert. denied,* 455 U.S. 1003, 102 S.Ct. 1638, 71 L.Ed.2d 871 (1982), for the proposition that

[i]t is not a defendant's responsibility to introduce reasonable doubt as to an element of a crime. Rather, it is the state's responsibility to prove the element beyond a reasonable doubt.

142 Ariz. 88, 90, 688 P.2d 980, 982. *Mincey,* in turn, held it fundamental error to give an instruction shifting the burden of proof on the issue of intent to the defendant based on a series of United States Supreme Court decisions including *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); and *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Each of the United States Supreme Court decisions relied upon by the *Mincey*

court holds that as a matter of federal constitutional due process, the state is required to prove every fact necessary to constitute the crime charged beyond a reasonable doubt.

■ In light of our supreme court's prior decisions regarding the significance of labeling an error "fundamental" and the *Hunter* court's reliance on *Mincey,* a decision based on federal constitutional law, we believe *Hunter* holds as a matter of constitutional due process that the state must prove the absence of justification beyond a reasonable doubt when the defendant introduces evidence sufficient to raise a reasonable doubt as to whether his conduct was justified. Because *Hunter* established a new constitutional principle, it is a "significant change in the law" requiring application of a retroactivity analysis.[3]

## RETROACTIVITY

■ "There is no constitutional requirement that a judicial decision announcing new constitutional guidelines be applied prospectively or retroactively." *State v. Gerlaugh,* 144 Ariz. 449, 455, 698 P.2d 694, 700 (1985), *citing Linkletter v. Walker,* 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601, 608 (1965) and *State v. Dosztal,* 144 Ariz. 242, 243, 697 P.2d 325, 326 (1985). In determining whether to apply new constitutional guidelines retroactively, a court must consider: (a) the purpose to be served by the new standards; (b) the extent of reliance by law enforcement authorities on the old standards; and (c) the effect on the administration of justice of a retroactive application of these standards. *Gerlaugh, supra,* 144 Ariz. 449, 456, 698 P.2d 694, 701; *citing Solem v. Stumes,* 465 U.S. 638, 643, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579, 586 (1984) and *Dosztal, supra,* 144 Ariz. 242, 243–44, 697 P.2d 325, 326–27.

---

**3.** We are supported by *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Ivan V. v. City of New York,* 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972), in holding *Hunter* has established a "clear break" with the past justifying retroactivity analysis. *Winship* recognized that there existed "virtually unanimous adherence to the reasonable-doubt stan-

dard in common-law jurisdictions" and the standard "dates at least from our early days as a Nation." 397 U.S. 358, 361, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368, 373. Despite the widespread acceptance of this standard, *Winship's* holding that it was required as a matter of constitutional due process was accorded fully retroactive effect in *Ivan V.*

The most important factor to be considered is the purpose served by the new constitutional rule. *Desist v. United States*, 394 U.S. 244, 249, 89 S.Ct. 1030, 1033, 22 L.Ed.2d 248, 255 (1969); *see also, Roberts v. Russell*, 392 U.S. 293, 295, 88 S.Ct. 1921, 1922, 20 L.Ed.2d 1100, 1103 (1968); *Witherspoon v. Illinois*, 391 U.S. 510, 523, n. 22, 88 S.Ct. 1770, 1777, 20 L.Ed.2d 776, 785 (1968).

'*Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect.* Neither good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances.' *Williams v. United States*, 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971). *Ivan V. v. City of New York*, 407 U.S. 203, 204, 92 S.Ct. 1951, 1952, 32 L.Ed.2d 659, 661 (1972) (emphasis added). *See also, Hankerson v. North Carolina*, 432 U.S. 233, 241, 97 S.Ct. 2339, 2344, 53 L.Ed.2d 306, 314 (1977).

The United States Supreme Court has consistently given decisions announcing new constitutional principles regarding the reasonable-doubt standard fully retroactive effect because the standard is essential to the fact-finding process at trial. *See Ivan V. v. City of New York*, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972) (holding *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) fully retroactive); *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977) (holding *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) fully retroactive). *Cf., Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (holding that despite petitioner's failure to challenge constitutionality of malice and self-defense instructions on appeal as required by state court procedure, petitioner successfully demonstrated "cause and actual prejudice" under 28 U.S.C. § 2254 entitling him to federal habeas corpus relief because the *Mullaney* issue was so novel at the time of petitioner's appeal he could not reasonably have been expected to raise it).

*In re Winship, supra,* was the first decision to hold that proof beyond a reasonable doubt as to "every fact necessary to constitute the crime ... charged" is required by the Due Process Clause. 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375. In discussing the importance of the reasonable doubt standard to our system of criminal law, the *Winship* Court stated:

The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. *It is a prime instrument for reducing the risk of convictions resting on factual error.* The standard provides concrete substance for the presumption of innocence—that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.' *Coffin v. United States, supra,* 156 U.S. [432], at 453, 15 S.Ct. [394], at 403 [39 L.Ed. 481 (1895)].

397 U.S. 358, 363, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375. *Winship* held juveniles are constitutionally entitled to the benefit of the reasonable-doubt standard during delinquency hearings when charged with an act which would constitute a crime if committed by an adult. In subsequently holding *Winship* fully retroactive, the Court stated:

Plainly, then, the major purpose of the constitutional standard of proof beyond a reasonable doubt announced in *Winship* was to overcome an aspect of a criminal trial that substantially impairs the truth-finding function, and *Winship* is thus to be given complete retroactive effect.

*Ivan V. v. City of New York, supra,* 407 U.S. 203, 205, 92 S.Ct. 1951, 1952, 32 L.Ed.2d 659, 661–62.

The reasonable-doubt standard was again addressed by the Court in *Mullaney v. Wilbur.* The Court there held, "the Due

Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case." 421 U.S. 684, 704, 95 S.Ct. 1881, 1892, 44 L.Ed.2d 508, 522. In holding *Mullaney* completely retroactive, the Supreme Court in *Hankerson, supra,* held its prior decision in *Ivan V. v. City of New York* to be dispositive of the retroactivity question:

> It is true that we have said that the question of whether the purpose of a new constitutional rule is to enhance the integrity of the fact-finding process is a question of 'degree,' *Johnson v. New Jersey, supra,* 384 U.S. [719], at 729, 86 S.Ct. [1772] at 1778; [16 L.Ed.2d 882 (1966)]; and when the degree to which the rule enhances the integrity of the factfinding process is sufficiently small, we have looked to questions of reliance by the State on the old rule and the impact of the new rule on the administration of justice in deciding whether the new rule is to be applied retroactively. *Stovall v. Denno,* [388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)] *supra; Adams v. Illinois,* [409 U.S. 948, 93 S.Ct. 289, 34 L.Ed.2d 218 (1972)] *supra; DeStefano v. Woods,* 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968). But we have never deviated from the rule stated in *Ivan V.* that ' "[w]here the *major* purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that *substantially* impairs its truth-finding function and so raises *serious* questions about the accuracy of guilty

verdicts in past trials, the new rule [is] given complete retroactive effect." ' 407 U.S., at 204, 92 S.Ct., at 1952 (emphasis added). *The reasonable-doubt standard of proof is as 'substantial' a requirement under Mullaney as it was in Winship. Respondent's attempt to distinguish Ivan V. is without merit.*

432 U.S. 233, 243–44, 97 S.Ct. 2339, 2345, 53 L.Ed.2d 306, 315–16. (Final emphasis added).

█ As previously discussed, *Hunter* expressly held for the first time that the reasonable-doubt standard in the context of establishing lack of justification is of a constitutional dimension.[4] Since *Hunter* stated this new principle of constitutional law fundamental to the fact-finding process, *Ivan V.* and *Hankerson* require it be given fully retroactive effect.

In so holding, we are aware of the considerations regarding possible prior good-faith reliance on RAJI 4.01 and the administration of justice as the result of vacating prior convictions in cases where that instruction was given. However, we believe the issue here involved substantially affects the truth-finding function and raises serious questions regarding the accuracy of verdicts in past trials. As previously noted, where the primary purpose of the new rule is the reduction of factual error at trial, neither good faith reliance on pre-existing law nor severe impact on the administration of justice is sufficient to warrant prospective-only application of the new rule. *See Ivan V. v. City of New York,* 407 U.S. 203, 204, 92 S.Ct. 1951, 1952, 32 L.Ed.2d 659, 661 (1972); *Williams v. Unit-*

---

**4.** We note *Hunter* does not specify whether the instruction is in violation of the federal or state constitution. The issue of whether the prosecution is required, as a matter of federal constitutional law, to establish the nonexistence of justification beyond a reasonable doubt has not yet been discussed by the United States Supreme Court. *See, e.g., Hankerson,* 432 U.S. 233, 240 n. 6, 97 S.Ct. 2339, 2344, n. 6, 53 L.Ed.2d 306, 314 noting:

> The State does *not* argue, as an alternative ground in support of the judgment below, that despite *Mullaney v. Wilbur,* it is constitution-

ally permissible for a State to treat self-defense as an affirmative defense that the prosecution need not negative by proof beyond a reasonable doubt. Therefore, we do not address that issue in this case.

We assume for purposes of this opinion that *Hunter* held the instruction violative of both constitutions and that our supreme court would reach the same result as a matter of Arizona law regardless of whether it was compelled to do so by federal constitutional due process requirements.

 

*ed States,* 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388, 395 (1971).

We are further fully aware that in *Hankerson* the United States Supreme Court authorized states to "insulate past convictions" and avoid the severe impact on administration caused by fully retroactive decisions "by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error." *Hankerson, supra,* 432 U.S. 233, 244, n. 8, 97 S.Ct. 2339, 2345, n. 8, 53 L.Ed.2d 306, 316. However, as previously noted, under the applicable Arizona statutes and rules, retroactivity is an express exception to the general rule of preclusion of claims by waiver. Rule 32.2(b), Arizona Rules of Criminal Procedure; A.R.S. § 13–4232(B). Arizona has thus declined the invitation offered by *Hankerson.* Pursuant to these provisions, it is irrelevant that defense counsel failed to object to the instruction at trial or on appeal.

Finally, we address the language of A.R.S. § 13–4231(7) which provides it is appropriate to file a petition for post-conviction relief where "[t]here has been a significant change in the law which if applied retroactively *would beyond a reasonable doubt* overturn petitioner's conviction." We believe the fact *Hunter* labeled RAJI 4.01 "fundamental error" is sufficient to require reversal of the conviction. As noted by our supreme court, instructing the jury pursuant to RAJI 4.01 is error "going to the foundation of the case, error that takes from the defendant a right essential to his defense, and *error of such magnitude that the defendant could not possibly have received a fair trial.*" 142 Ariz. 88, 90, 688 P.2d 980, 982 (emphasis added).

Reversed and remanded for a new trial.

CONTRERAS, P.J., and GRANT, J., concur.

NOTE: PAUL G. ULRICH was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. Art. VI, § 3 and A.R.S. § 12–145–47.