802 P.2d 1017

**STATE of Arizona, Respondent,**

v.

**Michael Terry SLEMMER, Petitioner.**

**No. 1 CA–CR 88–1187–PR.**

Court of Appeals of Arizona,
Division 1, Department E.

March 15, 1990.

Review Granted Jan. 8, 1991.

Dale K. Patton, Jr., Navajo County Atty. by Thomas L. Wing, Chief Prosecutor, Holbrook, for respondent.

David J. Martin, Navajo County Public Defender by David A. Brown, Deputy Public Defender, Holbrook, for petitioner.

## OPINION

EUBANK, Presiding Judge.

Petitioner, who was convicted following a jury trial in 1977 of assault with intent to commit murder, argued in the petition filed in the trial court that an error in the instructions to the jury on self-defense required a new trial. His argument is based on *State v. Hunter*, 142 Ariz. 88, 89, 688 P.2d 980, 981 (1984), and *State v. Garcia*, 152 Ariz. 245, 247, 731 P.2d 610, 612 (1987) (the rule announced in *State v. Hunter, supra*, is fully retroactive). In the Rule 32 (Arizona Rules of Criminal Procedure) proceedings, the state argued that the petitioner was precluded from raising the issue at that time, having had his conviction affirmed on direct appeal (*State v. Slemmer*, 1 CA–CR 3000, Oct. 19, 1978, Memo.Dec.), and that, in any event, there had been no significant change in the law applicable to the burden of proof placed on the state on the issue of self-defense when raised by a defendant. *See Everett v. State*, 88 Ariz. 293, 297, 356 P.2d 394, 397 (1960); *State v. Garcia*, 114 Ariz. 317, 320, 560 P.2d 1224, 1227 (1977). The state also noted that at the time of trial, defense counsel submitted instructions, including two that were refused "as covered," which cited as supporting authority case law that clearly recognized the state's burden of disproving self-defense once the defense is raised by the defendant.

▮ Here petitioner argues that he is entitled to a new trial because of the error in instructing the jury on the burden of proof when self-defense was raised, relying upon *State v. Hunter, supra*. However, *Hunter* was based upon the erroneous instruction given to the jury as set forth in former RAJI 4.01. The instruction given in this case was not similar to that condemned in *Hunter*. During argument on the petition for post-conviction relief, the state reiterated its position that petitioner's case did not deal with a situation like that in *Hunter*. As the state pointed out, *Hunter* simply did not apply to the instructions given in this case. Furthermore, the state argued, the law prior to *Hunter* was settled, i.e., when evidence of self-defense was presented, the state was required to disprove it by proof beyond a reasonable doubt. *See State v. Garcia*, 114 Ariz. 317, 320, 560 P.2d 1224, 1227 (1977).

Clearly, *Hunter* was not a change in the law, but simply a recognition that RAJI 4.01 was an improper instruction given to the jury regarding the law in Arizona with respect to the burden of proof on the issue of self-defense. *Hunter* was a rejection of the instruction and a reaffirmation of the long-standing law in Arizona as previously enunciated in cases such as *Everett v. State*, 88 Ariz. 293, 356 P.2d 394 (1960); *State v. Garcia, supra; State v. Denny*, 119 Ariz. 131, 579 P.2d 1101 (1978). The instant case, unlike *Hunter*, does not present a situation in which a defendant or counsel justifiably relied to his detriment on an instruction formerly approved by the Arizona Supreme Court. As noted by the state in its exhibits attached to the petition for post-conviction relief, the instructions on self-defense were aggressively argued in the trial court as well as in post-trial motions. Given the state of the law existing at the time of trial, it is clear that had counsel at trial or on appeal determined that the instruction actually given was detrimental to the petitioner, the issue could easily have been raised and argued.

Further, a similar issue was raised in *State v. Cannon*, 157 Ariz. 107, 755 P.2d 412 (1988) and was rejected. In that case, the court noted that the instruction condemned in *Hunter* had not been given and that the jury was instructed that the prosecution had the burden of proving all of its case beyond a reasonable doubt. *Cannon* supports the conclusion that the trial court's decision in this case was correct. In a very recent opinion, we reached the same conclusion. *See State v. Webb*, 164 Ariz. 348, 793 P.2d 105 (App.1990). The RAJI 4.01 instruction was *not* given the jury in this case.

▮ Finally, even assuming that *State v. Hunter, supra*, applies to the instruction as the dissent contends, we hold on the basis of the whole record that the error was harmless beyond a reasonable doubt. Our Supreme Court in *State v. Jensen*, 153

Ariz. 171, 735 P.2d 781 (1978) held that a burden-shifting instruction on malice given the jury by the court constituted harmless error where the trial court repeatedly emphasized to the jury that the state had the burden of proving the charge against the defendant beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The record here shows that the trial judge also instructed the jury three different times that the burden was on the state to prove the charge beyond a reasonable doubt.

This petitioner is not entitled to relief under *Hunter* and the trial court properly denied relief. Review granted, relief denied.

GERBER, J., concurs.

VOSS, Judge, dissenting.

I respectfully disagree with the majority's conclusions that: 1) post conviction relief is not appropriate in this matter; and 2) the instruction given in this case does not violate *State v. Hunter*, 142 Ariz. 88, 688 P.2d 980 (1984).

Relying on *Hunter*, defendant Michael Terry Slemmer (Slemmer) asserts, in a petition for review, that an error in the instructions to the jury on self defense required a new trial on his 1977 conviction for assault with intent to commit murder. The majority found that *Hunter* is "not a change in the law," therefore post conviction relief is not available.

Contrary to the majority's conclusion, this court has previously addressed this question and found that "[b]ecause *Hunter* established a new constitutional principle, it is a 'significant change in the law' requiring application of a retroactivity analysis."

*State v. Garcia*, 152 Ariz. 245, 248, 731 P.2d 610, 613 (App.1986). Garcia's convictions were affirmed on appeal in 1982, before *Hunter*. In 1984 he sought post conviction relief requesting his convictions be set aside in light of *Hunter*. The trial court dismissed the petition because Garcia failed to raise the issue on direct appeal, and because he failed to timely file his petition. Rule 32.2 Arizona Rules of Criminal Procedure.[1] On appeal, this court reversed, holding that *Hunter* represented a significant change in the law, an exception to the general rule of preclusion, thereby allowing Garcia to seek post conviction relief. *See* Rule 32.2(b)[2] and Rule 32.1(g).[3]

Here, the facts are very similar to *Garcia*. Slemmer's conviction was affirmed on appeal in 1978, before *Hunter*. In 1988 he filed a petition for post conviction relief, arguing that *Hunter* requires that his conviction be reversed. The trial court denied the petition, finding that "there has been no significant change in the law...." The trial court and the majority ignore *Garcia*. I would find that the trial court erred by refusing to consider Slemmer's petition.

The majority also concludes that the instruction here is compatible with the requirements of *State v. Hunter*. The instruction condemned in *Hunter* was:

If you decide the defendant's conduct was justified, you must find the defendant not guilty.

The supreme court found that giving the instruction was fundamental error, requiring reversal, because the instruction did not make clear to the jury that the burden is on the state to disprove beyond a reasonable doubt that the defendant acted in self-defense. The court stated that the jury could conclude from the instruction that

---

1. 32.2 Preclusion of Remedy
   a. Preclusion. A petitioner will not be given relief under this rule based upon any ground:
       \*   \*   \*   \*   \*   \*
   (3) Knowingly, voluntarily and intelligently not raised ... on appeal....

2. Rule 32.2
   B. *Exceptions. Rule 32.2 shall not apply to* claims based on Rules 32.1(d), (e) and (g).

3. Rule 32.1

Subject to the limitations of Rule 32.2, any person who has been convicted of, or sentenced for, a criminal offense may ... institute a proceeding to secure appropriate relief on the ground or grounds that:

   \*   \*   \*   \*   \*   \*

g. There has been a significant change in the law applied in the process which led to the petitioner's conviction or sentence, and there are sufficient reasons to allow retroactive application of the changed legal standard.

the defendant had the burden of proving self-defense or that the reasonable doubt instruction only applied to the state's case against the defendant, and not to the issue of self-defense. The general burden of proof instruction, given several pages before the self-defense instruction, did not cure the confusion.

The instruction here creates the same confusion denounced in *Hunter*. The court gave the general burden of proof instruction:

> The defendant's plea of 'not guilty' means that the State must prove *every part of the charge* beyond a reasonable doubt.
>
> ... The law does not require a defendant to prove his innocence or to produce any evidence. The burden of proving the defendant guilty beyond a reasonable doubt rests upon the State. This burden never shifts throughout the trial.
>
> \*   \*   \*   \*   \*   \*
>
> The charge ... has three essential elements all of which must be proven by the State beyond a reasonable doubt.

(Emphasis added.)

A page later, after instructing the jury regarding the meaning of malice, the court gave the self-defense instruction:

> *The defendant has offered* evidence that he acted in self-defense. Self-defense requires that you find the defendant not guilty if the following three conditions are met:
>
> (1) The *defendant* reasonably believed he was in immediate danger of great bodily injury or death; and
>
> (2) The *defendant acted* solely because of this belief; and
>
> (3) The *defendant used* no more force than appeared reasonably necessary under the circumstances.

(Emphasis added.)

The instructions are confusing for three reasons. First, the self defense instruction conveys the same message as in *Hunter*.

> *Hunter:* "If you decide the defendant's conduct was justified, you must find the defendant not guilty."

> *Slemmer:* "Self-defense requires that you find the defendant not guilty if the following three conditions [elements of self-defense] are met:"

Each instruction, although it reverses the order of presentation and changes a few words, contains the same elements. As I believe there is no substantive difference between these instructions, I respectfully disagree with the majority's conclusion that "the instruction given in this case was not similar to that condemned in *Hunter*."

Second, the general burden instruction speaks of the State's obligation to prove "every part of the charge." The self defense instruction is not part of "the charge".

Third, the instruction here is more misleading than the *Hunter* instruction. The jury was told it must find Slemmer not guilty if it found that Slemmer's acts met the three conditions. Further, the instruction informs the jury that Slemmer offered the evidence of self-defense. The jury could reasonably believe that Slemmer, who is offering the evidence, must prove that he met the conditions. The court should have instructed the jury that it must find Slemmer not guilty if the state failed to offer evidence proving that the Slemmer's conduct did not constitute self-defense.

Neither *State v. Cannon*, 157 Ariz. 107, 755 P.2d 412 (1988) nor *State v. Webb*, 164 Ariz. 348, 793 P.2d 105 (App.1990), upon which the majority rely, support their decision. In *Cannon* the court found that nothing resembling the *Hunter* instruction was given and therefore there was no risk of confusion. In *Webb*, this court held that the jury was adequately instructed regarding the burden of proof for self-defense. The jury was specifically instructed that the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense and the defendant does not have to prove he acted in self-defense. Here, a *Hunter*-like instruction was given and a *Webb* instruction was not. Therefore, *Cannon* and *Webb* are inapplicable.

"It is vital that the jury not misunderstand the concept of the defendant's bur-

den of proof on self-defense; the jury must be instructed with great care to prevent the misunderstanding of this concept." *Hunter*, 142 Ariz. at 90, 688 P.2d at 982, *quoting State v. Denny*, 119 Ariz. 131, 134, 579 P.2d 1101, 1104 (1978). As the trial court here instructed the jury with language comparable to *Hunter*, and did not advise them that when self-defense is raised the burden remains with the state, I believe the court committed fundamental error and would, accordingly, reverse.