NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARLOS ALBERT PUNNETT, *Appellant.*

No. 1 CA-CR 22-0549
FILED 11-30-2023

Appeal from the Superior Court in Maricopa County
No. CR2016-146854-002
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Brown & Little PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

¶1   Carlos Albert Punnett appeals his convictions and sentences for two counts of armed robbery and one count each of first-degree felony murder, attempted armed robbery, conspiracy to commit armed robbery, and aggravated robbery. Punnett's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Punnett requested an extension to file a supplemental brief so that he could review the trial transcripts and form an argument. We granted the request, but Punnett did not file a brief. Instead, he sent a letter explaining that he read the transcripts but was "not 100% sure what [he] could use on direct appeal." He also conveyed that "most [of his] issues are more [than] likely . . . rule 32 issues."

¶2   Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Punnett's convictions and sentences.

**FACTS[1] AND PROCEDURAL BACKGROUND**

¶3 Punnett conspired with Carl Johnson, Quincey Edmond, and Jamal White to rob Martin,[2] who sold marijuana out of the back door of a business. Punnett drove Johnson and White to where Martin sold the marijuana. Edmond did not join the conspirators. The three men sat outside for some time, waiting to get inside and rob Martin's office. Punnett did not want to enter the office area because he was worried Martin would recognize him, so he stayed in the car and prepared for the getaway.

¶4 At the time of the robbery, three men were inside the building: Martin, Allen, and Luke. As Allen opened the door to leave, Johnson and White rushed in. Johnson was armed with a gun and ordered everyone to the ground when he entered. White robbed Allen. Johnson went after Martin and shot him as he tried to run into his office. Together, Johnson and White stole from Martin's office.

¶5 Allen tried to aid Martin, but Martin later succumbed to his injuries. Meanwhile, Johnson and White returned to the car, and Punnett drove them away. The group returned to Edmond's apartment and "split up everything [they] stole from [Martin]."

¶6 The State charged Punnett with first-degree felony murder, attempt to commit armed robbery, conspiracy to commit armed robbery, aggravated robbery, and two counts of armed robbery. The State alleged several historical prior felony convictions and aggravating factors under A.R.S. § 13-701(D). The court empaneled twelve jurors and three alternates. The jury found Punnett guilty as charged after the trial. Punnett knowingly, intelligently, and voluntarily waived his right to a trial on the alleged prior felony convictions and admitted to them at sentencing. The jury found Punnett guilty of the alleged aggravating circumstances.

¶7 At the sentencing, the superior court found the aggravating circumstances outweighed the mitigating effect of Punnett's family and community support. Punnett received multiple sentences, including a life sentence for the felony murder count, with credit for 2,240 days for time

---

[1] We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

[2] We use pseudonyms to protect the victims' identities.

served.[3] The court ordered all sentences to run concurrently. Punnett appealed his convictions and sentences.

## DISCUSSION

**¶8**        We have read and considered the briefs and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶9**        Punnett never entered the building where the murder took place or pulled the trigger, which unfortunately ended the victim's life. Yet he received the longest sentence of the four defendants. Johnson pled guilty to second-degree murder and was sentenced to twenty years' imprisonment. Edmond pled guilty to manslaughter and was sentenced to twelve years' imprisonment. He died in prison. White pled guilty to second-degree murder and was sentenced to thirteen years' imprisonment. While permissible under Arizona's felony murder doctrine, Punnett will serve life in prison, and his counsel avowed he could not find a single issue to raise from the extensive record before us. This case has a long history; the record is dense; and the law is complex. This case represents the concern at the heart of *Anders*: that equal justice be afforded to indigent appellants. *See Anders*, 368 U.S. at 741-42. We encourage defense counsel to raise arguable issues lest an indigent defendant be deprived of justice.

**¶10**        The record reflects the superior court afforded Punnett all his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Punnett's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**¶11**        Though we find no arguable issues, we will address two non-frivolous issues counsel could have raised. Because we can resolve the issues without more briefing, we proceed to the merits of the issues found.

---

[3]        Given repeated continuances, this case was about six years old before the trial. All motions for continuance were either made on Punnett's behalf or were not objected to by him. Thus, Punnett waived any speedy trial challenge. *State v. Emedi*, 251 Ariz. 78, 83, ¶ 18 (App. 2021) (citing *New York v. Hill*, 528 U.S. 110, 115-16 (2000)) (Defense counsel may waive the right to a speedy trial.).

¶12      Punnett was present and represented by counsel at all stages of the proceedings against him except for one. Punnett was late to trial one morning during the jury selection, and the court proceeded in his absence. The court excused juror 51 because he was in helicopter pilot training that required his presence five days a week. The juror would lose his scholarship or have to withdraw from the class if required to serve. The State and Punnett's counsel stipulated to allow the court to excuse the juror. This occurrence does not warrant reversal, as the court had the discretion to excuse the juror for hardship. *See State v. Payne*, 233 Ariz. 484, 497-98, ¶¶ 13-18 (2013) (The court has the discretion to dismiss a juror for hardship if counsel is allowed to question the juror.).

¶13      Punnett's counsel failed to appear for a pretrial evidentiary hearing. Punnett challenged the admissibility of cell phone tower evidence before the trial. Punnett moved to "preclude the use of any of the cell phone tower maps . . . and also . . . to preclude any animation of those cell phone tower maps." He also moved to limit the scope of the State's expert testimony. He argued the testimony would be unreliable if the expert went beyond stating that Punnett was "in Phoenix" based on cell tower records. The trial court ordered a *Daubert* hearing to determine whether the evidence was reliable and admissible. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); Ariz. R. Evid. 702.

¶14      Punnett's counsel did not appear at the *Daubert* hearing. But Punnett, Johnson, and Johnson's counsel were at the hearing. The court asked whether Johnson's counsel could represent Punnett in the hearing, and Johnson's counsel replied that she could do so. But the court and Johnson's counsel admitted they assumed that Johnson's counsel could adequately represent Punnett's interests and that Punnett and his counsel would approve of the representation. Johnson's counsel had not discussed representing Punnett in the *Daubert* hearing or otherwise with Punnett's counsel.

¶15      Because neither Punnett nor his counsel challenged this issue before the superior court, we review Punnett's counsel's failure to appear at the *Daubert* hearing for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* at ¶ 19 (quoting *State v. Hunter*, 142 Ariz. 88, 90 (1984)). "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* at ¶ 20.

¶16 Cell phone tower evidence and related expert testimony is generally admissible. *See, e.g., State v. Conner*, 249 Ariz. 121, 127, ¶ 30 (App. 2020); *State v. Warner*, 842 S.E.2d 361, 363, 364-67 (S.C. App. 2020); *State v. Adams*, 161 A.3d 1182, 1195-96 (R.I. 2017). After the hearing, the superior court found that "neither the facts nor the data available to [the expert were] so insufficient to render her opinion inadmissible." The court reasoned that there is always a degree of imprecision in cell phone tower mapping. Still, the imprecision here was not so great that it would make the introduction of it or the corresponding expert testimony unreliable.

¶17 Even if Punnett's counsel had been present, the court's legal conclusion to admit the expert testimony appears sound. Thus, while counsel's failure to appear at the *Daubert* hearing was error, it did not rise to the level of prejudicial, fundamental error. This conclusion does not preclude Punnett from raising an ineffective assistance of counsel claim in a post-conviction relief petition.

## CONCLUSION

¶18 Punnett's convictions and sentences are affirmed. After filing this decision, defense counsel's obligations about Punnett's representation in this appeal will end after informing Punnett of the outcome of the appeal and his future options unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA